The opinion of the court was delivered by
Tilghman, C. J.
The plaintiff in error, George Ammant, having obtained a judgment against the president, managers, and company of the New Alexandria and Pittsburg turnpike road, issued a fieri facias and levied on “all the right, title, interest and claim of the defendants, of, ini and to, ten miles of the New Alexandria and Pittsburg turnpike road, lying and being, five miles east and five miles west, of the gate erected on the road adjacent to New Salem, together with the said gate, and the toll-house, erected contiguous thereto, and the lot of ground on which the said house is built, together with the appurtenances.” The question is, whether property of this kind is subject to a levy by virtue of a fieri facias.
It has been decided, that every kind of interest in land, legal or equitable, is subject to an execution in this state. But it does not appear, that the turnpike company had any estate of any kind, in the land over which this road runs. They were incorporated by the legislature for a special purpose, in which the public were much interested. They were permitted to enter on the land, and make a road, under certain regulations, and when the road was finished and approved by the governor, to take certain tolls. But there is nothing in the incorporating act, which authorizes the company"to transfer their right, to other persons; and such transfer would certainly be inconsistent with the whole design, and object of the law. It was presumed, that the right would remain in this corporation, and the act contains a complete system, providing redress in cases of delinquency, and calculated to protect the public from the consequences of such delinquency. The inconvenience would be excessive, if the right of the company could be cut up into an indefinite number of small parts, and vested in individuals. The defendants had no tangible interest, — nothing which could be delivered by the sheriff to a purchaser under the execution. There was no rent, or profit, of any kind, issuing out of land — nothing but a right to receive toll, for horses, carriages, &c. passing over the land, which would be more or less, according to the number of passengers, and that would much depend on the condition in which the road should be kept. Every kind of right, or licence granted by the act of assembly, was confined to the company. They alone were confided in. They alone were looked to fora faithful performance of the important duties incumbent on them. But it may be said to be extremely hard, that a corporation should be *213 permitted to contract debts, and possess the means of paying them, and yet their creditors should hav.e no power of coercion. And certainly such a state of things is both hard and unjust. But it does not follow that the proper remedy is by execution. Experience is every day pointing out defects in our law, which can be remedied only by the legislative power. And the defect which now appears is well worthy off, and will no.doubt receive the attention of our legislature. It may probably be thought advisable to provide some mode of sequestration, by which the profits arising from roads, may be secured to the creditors of the respective companies. But in providing this remedy, the public interest will not be neglected. Care will be taken, that so mueh of the tolls as is necessary, shall in the first place be applied to the repair of the road, and only the nett profits subject to the payment of debts. A Court of Chancery would do something of this kind, but our courts possess no such power. All that we can do, is to levy on the property, and either sell it, or deliver it to the creditor, in case the rents and profits will pay the debt in seven years. But this kind of proceeding is altogether unsuitable, in a ease like the present, and therefore, I am of opinion that the Court of Common Pleas was right in quashing the proceedings. If a turnpike company has a right to land, or other property, not on the road, there is no reason why it should not be subject to an execution. But, in the present instance, the levy, though made in part, on a lot of land, contiguous to the road, had so blended the different subjects, that it was difficult to separate them, and therefore the court was justified in quashing the whole proceedings. I am of opinion, that the judgment should be affirmed.
Judgment affirmed.