# Leedom *against* Plymouth Railroad Company.

Tolls received on a railroad after a judgment rendered against the company and after the appointment of a sequestrator, are not bound by such judgment so as to give it a preference of payment out of them.

THIS was an appeal by Joseph Leedom from the decree of the Court of Common Pleas of *Montgomery* county, on the distribution of moneys in the hands of Jonathan Jones, who on the 10th November 1841, had been appointed sequestrator to the Plymouth Railroad Company, on the petition of the appellant, Leedom. The following case was stated by agreement in the court below, with the right to either party to appeal:

On the 19th July 1841, Joseph Leedom recovered a judgment against the Plymouth Railroad Company for the sum of $1163.17 besides costs of suit. To August term 1841, No. 36, he issued an execution upon the said judgment, to which the sheriff made the following return: " No property found on which to levy, and this execution unsatisfied." With the exception of some costs unpaid on awards in favour of landholders, and an award in favour of Harman Yerkes for $50 with interest and costs, the above judgment of Joseph Leedom is the first and only judgment against said company. On the 10th November 1841, upon the petition of Joseph Leedom, the court awarded a writ of sequestration against the company, and appointed Jonathan Jones to execute the same. The sequestrator thereupon entered upon the duties of his appointment, and collected the tolls, the nett amount of which at this time is alleged by him, per his statement filed of this date, to be $547.41 in his hands for distribution, which statement of the sequestrator is objected to by the creditors of the company, and the amount may be varied on final adjustment. The said company owe on loans to various persons $28,891.25, for which certificates of loan were issued in part at the same time as the one on which the suit of Joseph Leedom was brought as aforesaid. The plaintiff, Leedom, claims to have the whole money in the hands of the sequestrator applied towards the payment of his judgment, to the exclusion of the general creditors of said corporation. On the other hand, it is contended that the said tolls so collected and in the hands of the sequestrator, are to be distributed amongst the creditors of said corporation, equally in proportion to the amount of their respective claims. If the court shall be of opinion with Joseph Leedom in this matter, then judgment to be given on this submission in favour of the plaintiff. If not, their judgment to be entered for defendants.

The court entered judgment for the defendants, which was now assigned for error.

v. — 34    x

[Leedom v. Plymouth Railroad Company.]

*Mulvany*, for appellant.

*Freedley*, contra, whom the court declined to hear.

The opinion of the Court was delivered by

SERGEANT, J.—The plaintiff could claim a priority out of the tolls collected, only on the ground that his judgment gave him a lien upon them. To have this effect, he must make out that these tolls were such an interest in land existing in the corporation at the time when the judgment was rendered, as to be bound by it. The road itself could not be taken in execution; *Ammant* v. *The New Alexandria and Pittsburgh Turnpike Road Co.*, (13 *Serg. & Rawle* 210); and for the same reason is not bound by a judgment: much less is the right of taking tolls from passengers and freighters, which is a corporate franchise—a species of incorporeal hereditament incident to the road. 2 *Black. Com.* 38. These tolls were all collected after the judgment rendered, and after the appointment of the sequestrator. The effect of the 74th section of the Act of 16th June 1836 relating to executions, which adopts the provision of the 27th section of the Act of 16th June 1836 relating to insolvent debtors, is merely to save the judgment, mortgage and execution creditors their liens existing at the time of the sequestration. The plaintiff has none such here to receive the protection of the Act.

Judgment affirmed.