# The Susquehanna Canal Company *against* Bonham.

The franchises and corporate rights of a company, and the means vested in them which are necessary to the existence and maintenance of the object for which they were created, are incapable of being granted away and transferred by any act of the company itself or by any adverse process against it.

ERROR to the Common Pleas of *York* county.

Samuel C. Bonham, Esq., against The Susquehanna Canal Company. The plaintiff upon an award obtained against the defendant issued an execution and levied upon a house and lot upon which an inquisition was held and it was condemned. A *venditioni exponas* was issued to sell the same. The defendant obtained a rule to show cause why the execution and levy should not be set aside on the grounds: 1st, That no judgment had been entered upon the award; and 2d, That the property levied, being the toll-house of the defendant, was not the subject of levy and sale.

The court below discharged the rule, and on the second point said: " that although the property levied is clearly proved to be essentially necessary to the enjoyment of the corporate rights and privileges of the defendant, the house being necessarily occupied by the collector of tolls on the canal as a dwelling for himself and family, and as a collector's office, in which he performs the duties of his employment, it is not exempt from levy, it not being within the limits of the canal, or of the ground appropriated as the site of the canal."

*Mayer* and *Fisher*, for plaintiff in error, argued that the toll-house was not the subject of levy and sale, and cited 13 *Serg. & Rawle* 210; 2 *Watts & Serg.* 548; 6 *Watts & Serg.* 378. The remedy given by the Act of 16th June 1836, section 74, title " execution," is by sequestration; and this remedy would be wholly ineffectual if the sequestrator were deprived of the means of collecting toll by a sale of the houses provided for that purpose. Cited 5 *Watts & Serg.* 265; 2 *Penn. Rep.* 462; 2 *Watts & Serg.* 116; 2 *Hill* 142; 20 *Wend.* 645.

*Chapin* and *Hambly,* contra, argued that the language of the court in 13 *Serg. & Rawle* 210, supported this proceeding by execution. There is no exception in the Act of 16th June 1836, sections 19 and 72, which gives a right to execution, which exempts the property of a corporation.

The opinion of the Court was delivered by

SERGEANT, J. — The spirit of the decision in *Ammant* v. *New Alexandria and Pittsburgh Transportation Company,* (13 *Serg. & Rawle* 210), seems to be, that privileges granted to corporations to construct turnpike roads, canals, &c., are conferred with a view to the public use and accommodation, and that they cannot voluntarily deprive themselves of the lands and real estate and franchises which are necessary for that purpose; nor can they be taken from them by execution and sold by a creditor, because to permit it would tend to defeat the whole object of the charter by taking the improvements out of the hands of the corporation and destroying their use and benefit. It has therefore always been held, and our Acts of Assembly are constructed on that idea, that the franchises and corporate rights of the company and the means vested in them which are necessary to the existence and maintenance of the great public object for which they were created, are incapable of being granted away and transferred by any act of the corporation itself, or by process of another against it *in invitum.* By the 2d section of the Act of 15th April 1835, authorizing the incorporation of the defendants, they are made capable, among other things, of purchasing, taking and holding such lands, tenements and estates, real and personal, as are necessary in the prosecution of their business as a canal company. And by section 8, they are empowered to enter upon and occupy for the purpose, all the land necessary and suitable for constructing the canal. It is admitted by the court below, and the evidence proves beyond a doubt, that the property levied on here is essentially necessary to the enjoyment of the corporate rights and privileges of the defendants, the house being necessarily occupied by the collector of tolls on the canal as a dwelling for himself and his family, and as a collector, in which he performs the duties of his office. That being the case, what difference can there be whether it is on the site of the canal or on ground adjacent? especially where it may happen, and indeed such appears to be the case here, that if confined to the former, the site would be inconvenient, unsafe, and unfit for a dwelling place for the collector's family. Nor would the company have expended their money in procuring another building, if they could have been accommodated without it in the office built on ground already taken as part of the line of the canal. The remedy for creditors in such case by sequestration was suggested in the opinion of Chief Justice TILGHMAN, (13 *Serg. & Rawle* 210), and has since been carried into effect by the provisions of the Act of

16th June 1836, and it gives to the creditor all the redress the Legislature thought he could have against the property necessary to the company, consistently with the preservation of the public interests.

Levy and condemnation, and *venditioni exponas* set aside.