## The Philadelphia and Baltimore Central Railroad Company's Appeal.

1. The Act of April 7th 1870, authorizing executions against corporations, supplies the 72d and 73d sections of the Act of June 16th 1836 authorizing sequestration.

2. The franchises and property of a corporation may be seized and sold out and out under a fi. fa.

3. The Act of April 7th 1870 construed.

January 15th 1872. Before THOMPSON, C. J., AGNEW and SHARSWOOD, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of Chester county: No. 281, to January Term 1872.

On the 7th of March 1870 William McCullough recovered judgment for $724.98 against The Philadelphia and Baltimore Central Railroad Company. On the 22d of September 1870 the plaintiff issued a fi. fa., to which the sheriff returned, "that the railroad company has no office in the county of Chester, and has no personal or real estate therein; therefore same remains wholly unsatisfied."

On the petition of the plaintiff the court (Butler, P. J.) awarded a writ of sequestration, and appointed Samuel M. Felton sequestrator.

The defendants removed the record to the Supreme Court by certiorari, and assigned the awarding the writ of sequestration for error.

*T. Hart, Jr.*, and *J. E. Gowen*, for certiorari.—The Act of April 7th 1870, Pamph. L. 58, sect. 1, 1 Bright. Purd. 291, pl. 52, substitutes execution for sequestration: Fox *v.* Hempfield Railroad (West. Dist. U. S. Court), Pittsburg Leg. Jour. January 4th 1871. They referred to Act of June 16th 1836, sect. 72, Pamph L. 774, 1 Bright. Purd. 289, pl. 42. Under the Act of 1836 all personal property of a railroad company necessary for its operations was exempt from fi. fa.: Covey *v.* Pitts., F. W. and

C. Railroad, 3 Phila. R. 173; Canal Co. *v.* Bonham, 9 W. & S.
27. The Act of 1870 allows all the property and franchises of a
corporation to be sold on a fi. fa. The Acts of 1836 and 1870
are inconsistent, and the remedy under the Act of 1836 is re-
pealed: Johnston's Estate, 9 Casey 511; Commonwealth *v.*
Cromley, 1 Ashmead 179.

*W. E. Barber*, contrà.—The Act of 1870 should be construed
strictly, for its effect would be to take from the public the rights
which are granted to them by the incorporation of a railroad com-
pany; this the company itself could not do: Ammant *v.* N. Alex-
andria and P. Turnpike, 13 S. & R. 210; Susquehanna Can. Co.
*v.* Bonham, 9 W. & S. 28; Leedom *v.* Plymouth Railroad, 5 Id.
226; Plymouth Railroad *v.* Colwell, 3 Wright 339; Foster *v.*
Fowler, 10 P. F. Smith 31.

The opinion of the court was delivered, February 19th 1872, by
THOMPSON, C. J.—The Act of 16th June 1836, "relating to
executions," provides a mode for the collection of debts due by
insolvent corporations, viz., by sequestration. A return to the
fieri facias, pursuant to the directions of the 72d section of the
act, showing a demand made upon the chief officer of the corpora-
tion, or other officer in charge of its principal office, of the amount
of the execution, without success, and a failure to find property
liable to seizure and sale upon it, make way for the operation of
the 73d section, and the creditor may, upon petition to the court
showing these facts, have a writ to "sequester the goods, chattels
and credits, rents, issues and profits, tolls and receipts from any
road, canal, bridge or other works, property or estate of such
corporation."

This statute was familiar to the profession and people, and
largely practised under for a period of nearly twenty-eight years
before the passage of the Act of 7th April 1870, which radically
changes the mode of proceedings against such corporations as
were previously within the sequestration provisions of the Act of
1836. By this act, instead of sequestration, based upon the
return of the fi. fa. under the Act of 1836, unsatisfied in whole or
in part, an alias fi. fa. may be issued to seize and sell the fran-
chises and property of such delinquent corporation out and out.

We must presume that the legislative mind, when the Act of
1870 was passed, was fully acquainted with the provisions of the
old act, and that a change of remedy was intended in regard to
corporation debts. That a change was intended appears on the
face of the act. Its provisions, it is said in the act, were "to be
in addition" to those contained in the 72d section of the Act of
1836 (not 62d, as it reads in the Pamphlet Laws, which is ob-
viously a clerical error), "*and in lieu of proceedings by sequestra-*

*tion* under the Act of 1836." The addition to the provisions of the 72d section was simply an alias fi. fa. to seize and sell the franchises and property of the corporation, and this was, says the act, to " be in *lieu* of proceedings by sequestration."

These words are so clearly expressive of an intent to supply the old remedy by a new one, that we need not the aid of the maxim of the common law, *leges posteriores priores contrarias abrogant*, to guide us to our duty in construing these acts. The Act of 1870 undoubtedly supplies the provisions of the Act of 1836, in regard to insolvent corporations to the extent noticed. Both cannot possibly co-exist as remedies. A judgment-creditor proceeding by sequestration could not restrain another from proceeding by execution, the obvious result of which would be to put an end to sequestration by a sale of the property and franchises. There is nothing in any act which would prevent the latter from taking his remedy by execution, under the new law. Unless, therefore, sequestration granted would result in restraining other creditors from pursuing their executions according to the new law, it is idle to think of sequestration now as a remedy; and we have said there is no law in the statute book to that effect. We hold, therefore, that sequestration is not grantable in this case, and that the proceedings below must be reversed. For myself, I think some additional legislation is needed to prevent the Act of 1870 from operating unjustly; inasmuch as by its provisions an entire road running the length or breadth of the state may be sold without proper notice. When, therefore, the writ issues, notices of the proposed sale should be required to be made upon the officers of the corporation, and the sale advertised in every county into which the road runs. This is but a personal suggestion, however.

> The proceedings in sequestration are set aside, and the decree ordering the writ of sequestration is reversed.