IRON CITY NAT. BANK OF PITTSBURGH *v.* SIEMENS-ANDERSON STEEL CO.

*(Circuit Court, W. D. Pennsylvania.* April 26, 1882.)

1. EXECUTION—STATUTE CONSTRUED.
    The act of the Pennsylvania legislature of April 7, 1870, gave a new remedy against corporations in addition to the provisions of the act of 1836, " and in lieu of the provisions or proceedings by sequestration " under the prior acts.

2. SAME—ON CORPORATIONS.
    The sole purpose of the act of 1870 was to supersede the remedy by sequestration, and substitute therefor the levy and sale by *fieri facias* of the property, franchises, and rights of the corporation.

3. EXECUTION SALE.
    The real property of a private trading corporation is held for strictly private ends, and should be sold agreeably to the provisions of the act of 1836, " in a manner provided in other cases for the sale of land on execution."

*Sur* petition on behalf of mechanic's-lien creditors.

*D. T. Watson*, for plaintiff.

*J. H. Miller* and *John M. Kennedy*, for mechanic's-lien creditors.

ACHESON, D. J. It is very clear to me that the act of April 7, 1870, (Purd. 291,) did not repeal or affect the provisions of the seventy-second section of the act of sixteenth of June, 1836, "relating to executions." The new remedy thereby given against corporations is expressly declared to be "in addition to" the provisions of said section, "and in lieu of the provisions or proceedings by sequestration" under the act of 1836. The sole purpose of the act of 1870, in my judgment, was to supersede the remedy by sequestration, and substitute therefor the levy and sale by *fieri facias* of the property, franchises, and rights of the corporation. Such, in my apprehension, was the construction given to the act of 1870 by the supreme court of the state in *Philadelphia & Baltimore Central R. Co.'s Appeal*, 70 Pa. St. 355, and *Bayard's Appeal*, 72 Pa. St. 453.

Under the act of 1836, after the remedies provided by the seventy-second section were exhausted, the way was open to sequestration, agreeably to the seventy-third, seventy-fourth, and seventy-fifth sections. 70 Pa. St. 356. But under the act of 1870 the corporate prop-

erty, franchises, and rights, which were formerly reached by sequestration, are sold out and out, and the proceeds divided among all the creditors, as in case of insolvency.

When carefully examined, *Hopkins & Johnson's Appeal,* 90 Pa. St. 69, will be found, I think, to be in substantial harmony with the foregoing views. I do not think the court there intended to intimate that the seventy-second section of the act of 1836 is not in full force. By the express provisions of the act of 1870, "lands held in fee" are excepted out of the sale thereby authorized, and such lands "shall be *proceeded against* and sold in the manner provided in cases for the sale of real estate." The plain meaning is that real estate of a corporation which before the act of 1870 was subject to levy and sale, shall remain liable to be taken in execution and sold as previously. This view is entirely consistent with *Longstreth* v. *Philadelphia & R. R. Co.* 11 Weekly Notes Cas. 309, which merely decides that the act of 1870 "did not intend to subject the property of corporations, *before exempt,* to execution piecemeal." The levy there was upon lots of ground held by the railroad company for public uses, viz., freight purposes, and not the subject of levy prior to the act of 1870. *Susquehanna Canal Co.* v. *Bonham,* 9 Watts & S. 27. The principle of the decision is that the franchises of a railroad company, including its real estate necessary to the proper exercise of its public duties, must be levied on under the act of 1870 and sold as an entirety.

But the Seimens-Anderson Steel Company is a private trading corporation, and its real estate is not held for public purposes, but for strictly private ends. Confessedly, its real estate levied on here is held in fee. It is to be sold, therefore, (agreeably to the seventy-second section of the act of 1836,) "in a manner provided in other cases for the sale of land upon execution."

I am of opinion that it would be improper for the marshal to sell the franchises of the defendant corporation, and all its real and personal property levied on, as an entirety. I am further of opinion that in selling the defendant's real estate the marshal should follow the established rule that different parcels of land should be sold separately. As at present advised, I think the real estate in the Fourteenth ward and divided by Second avenue, should be sold as two distinct parcels. Upon this latter point, however, I will hear the counsel further, if it is desired, upon an application to modify the order about to be made.

And now, April 26, 1882, it is ordered that the marshal sell the real estate and other property and franchises of the defendant in accordance with the views expressed in the foregoing opinion.