## GEO. GUEST ET AL. v. MERION WATER CO.

### APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 2, 1891—Decided May 27, 1891.

1. A water company, incorporated under the provisions of the act of April 29, 1874, P. L. 73, and its supplements, is a public corporation, and the structures necessary to its operations are not subject to a mechanics' lien for work done and materials furnished in the erection thereof: Foster v. Fowler, 60 Pa. 27.
2. This rule is unaffected by the provisions of § 1, act of April 7, 1870, P. L. 58, authorizing the personal, mixed or real property, franchises and rights of any corporation to be sold on a fieri facias; such process being in lieu of and on the footing of a sequestration for the benefit of all the corporate creditors.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Opinion of Court below.

No. 264 January Term 1890, Sup. Ct.; court below, No. 152 October Term 1889, C. P.

On September 14, 1889, George Guest and others, trading as Guest, Grater & Co., issued a scire facias sur a mechanics' lien, filed by the plaintiffs against the Lower Merion Water Co., owner and reputed owner, and Comegys & Lewis, contractors. The claim filed was for $282.40, for work done and materials furnished for and about the erection and construction of a two-story brick pumping station, with certain brick wings or additions, all described by sizes and situation.

The scire facias having been returned "made known by posting copy of writ on the premises; nihil habent as to owner and contractors," the plaintiffs filed a statement of claim, and on November 5, 1889, caused judgment to be entered in favor of the plaintiffs and against the defendants, for want of an affidavit of defence, for $285.18. On December 2, 1889, the defendant company filed the petition and affidavit of its secretary and treasurer, averring that the defendant was a company incorporated under the act of April 29, 1874, P. L. 73, and its supplements, "for the sole purpose of supplying the public in Lower Merion township and its vicinity with water;" that for that purpose the said company had purchased certain lands in said township, upon which it had begun the construction of the necessary buildings and improvements; that bonds of the company to a large amount had been issued for the purpose of constructing the company's works and were outstanding; that on November 28, 1889, the company was first informed that a mechanics' lien had been filed against the company's property by the plaintiffs; and that upon a judgment upon the same a writ of levari facias had issued upon which its said property was advertised for sale. Upon said petition, a rule was granted to show cause why the said mechanics' lien should not be stricken off, and all proceeding thereunder quashed.

Said rule having been argued, the court, WEAND, J., on January 6, 1890, filed the following opinion:

The lien in this case is filed against a two-story brick pumping station, with additions, etc., owned by the Lower Merion Water Co., a corporation chartered under the provisions of the act of April 29, 1874, § 34, P. L. 93.

A motion has been made to strike off the lien, because the defendant, being a corporation chartered for public purposes, its buildings, etc., necessary for carrying on its operations, are, not subject to a mechanics' lien; and the case of Foster v. Fowler, 60 Pa. 27, is cited as directly ruling the point. On the part of the lien creditors it is urged, however, that the reasoning of this and kindred cases is no longer applicable, since the passage of the act of April 7, 1870, P. L. 58, which gives a remedy by fieri facias instead of sequestration, as under the act of June 16, 1836, § 72, P. L. 755.

It is undoubtedly true that the franchises and corporate property of a corporation, not being a county, township, or other public corporate body, can now be sold under a fieri facias, and that a creditor need no longer apply for a sequestration; but the difficulty in the plaintiffs' way, in this case, is that there is no execution process to which he can resort under either of the above cited acts, and hence his lien is of no avail.

Prior to the act of 1836 a creditor had no remedy to enforce his claim against the franchises or property of a corporation, in its nature public, necessary to its corporate existence, as was shown by C. J. TILGHMAN in Ammant v. Turnpike Road, 13 S. & R. 210, in which case he expressed his regret that such was the law, and recommended some mode of sequestration. No doubt his remarks led to the passage of the act of 1836, by which a proper remedy was provided. Under that act, when an execution against a corporation had been returned unsatisfied, in part or in the whole, the plaintiff in the judgment could petition for a writ to sequestrate the goods, etc., of a corporation.

By the act of 1870, § 1, P. L. 58, it was provided that in addition to the provisions of the seventy-second section of the act of June 16, 1836, and in lieu of the provisions or proceedings by sequestration under said act, the plaintiff might have execution by fieri facias, etc., by which the property, franchises, rights, etc., of a corporation could be sold. It has, however, been held by Judge McCANDLESS, of the United States Circuit Court, in Fox v. Railroad Co., 8 Phila. 639; by Judge Mitchell, in Flagg v. Farnsworth, 12 W. N. 500; and by Judge McDermitt, in Second N. Bank v. Manuf. Co., 13 W. N. 174, that the provisions of the act of 1870 are only in addition to the

Opinion of Court below.

provisions of the seventy-second section of the act of 1836, and that therefore there can be no writ to sell the franchises or corporate property until after a return under the first fieri facias. This view of the case seems also to have been adopted by C. J. Thompson, in Phila. etc. R. Co.'s App., 70 Pa. 355, and by Judge Simonton, in Commonwealth v. Railroad Co., 122 Pa. 306. As opposed to this view, we have the decision of Judge White, in Williams v. Railway Co., 21 Pittsb. L. J. 187; and in Lusk's App., 108 Pa. 152, Judge Paxson said the sale was made upon an ordinary writ of fieri facias. There appears to have been no attempt to comply with the provisions of the act of April 7, 1870, and then adds, " We need not discuss the question whether a return of nulla bona should have preceded the levy and sale upon the fieri facias. If necessary, which we do not assert, it is but an irregularity," etc.

After a careful reading of these apparently conflicting decisions, we agree with Judge McDermitt, that " as this fieri facias is in ' lieu ' of sequestration, it is reasonable to presume that the legislature intended its aid should be called into action by the same precedent return of nulla bona, which was absolutely necessary before a writ of sequestration could be obtained by any creditor under the act of 1836." If this position is correct, then this lien cannot be sustained; for, as was said by Judge Lowrie in Williams v. Controllers, 18 Pa. 277 : " Where there can be no execution, there can be no action ; and, as a levari facias is the only execution proper on a judgment on a mechanics' lien," there cannot be a return of nulla bona on a fieri facias ; and, therefore, nothing upon which to base the fieri facias, allowed by the act of 1870. The principle laid down in Foster v. Fowler, supra, was recognized in Girard Point Storage Co. v. Southwark Foundry Co., 105 Pa. 248, and is still therefore the law governing this case. As before the passage of the act of 1870, this lien would not have been good, and as it is not helped by that act, the plaintiffs must resort to some other remedy to enforce their claim.

And now, January 6, 1890, the mechanics' lien, No. 22 June Term 1889, is stricken from the record, and the judgment thereon, by default for want of an appearance, is set aside. Exception.

—Thereupon, the plaintiffs took this appeal, assigning the

order striking off the mechanics' lien, and setting aside the judgment in the scire facias thereon, for error.

*Mr. F. G. Hobson* (with him *Mr. John W. Bickel*), for the appellants.

Counsel cited: Section 1, act of April 7, 1870, P. L. 58; Lusk's App., 108 Pa. 152.

*Mr. Henry C. Boyer* (with him *Messrs. Morgan & Lewis*), for the appellee.

OPINION, MR. JUSTICE McCOLLUM:

The Lower Merion Water Company was incorporated under the act of April 29, 1874, P. L. 73, and its powers, privileges, and duties are defined by the thirty-fourth section thereof. It is clothed with the right of eminent domain, and it is protected from competition until it "shall have from its earnings realized and divided among its stockholders, during five years, a dividend equal to eight per centum per annum upon its capital stock." It is bound to furnish a sufficient quantity of pure water at reasonable rates, and the Court of Common Pleas of the proper county may, on the petition of any citizen using the same, make such order in the premises as may seem just and equitable, and enforce its decrees by the usual process. It may, at the expiration of twenty years from its introduction of the water, be required to transfer to the municipality in which it is located its works at their cost, with ten per cent thereon, less the dividends it has received. This partial summary of its powers and duties clearly stamps it as a public corporation. It was decided in Foster v. Fowler, 60 Pa. 27, that the structures necessary to the operations of such a company are not subject to a mechanics' lien; and the present case is ruled by it, if the act of April 7, 1870, P. L. 58, which allows the personal, real, and mixed property, rights and franchises of a corporation to be sold on a writ of fieri facias, does not supersede it. It is contended that the act referred to has rendered the reasoning on which the decision in Foster v. Fowler, supra, rests, and which is undoubtedly sound, inapplicable; and our sole inquiry is whether this contention is well founded.

It should be noted at the outset that the principle of the

Opinion of the Court.

case cited was distinctly approved in Girard Point Storage Co.
v. Southwark Foundry Co., 105 Pa. 248, where a mechanics'
lien was sustained on the ground that the public was not di-
rectly interested in the business of the defendant corporation.
In that case, it was conceded that if the Girard Point Storage
Company was in the nature of a public corporation, its works
would be protected from the encumbrance of a mechanics' lien.
The case was heard in 1884, and this concession is evidence at
least that it was not then suggested or supposed that the act
of 1870 could have any part in the decision of it, nor can we
now see how that act affects the claim of the appellants to a
lien for their work and materials.　The only execution process
allowed for the enforcement of a mechanics' lien is a writ of
levari facias to sell the building and curtilage bound by it, and
the form of the writ is prescribed by the statute which gives
the lien.　The levy and sale on the writ of fieri facias allowed
by the act of 1870 may embrace the property, franchises, and
rights of the corporation in any and every county of the com-
monwealth, and pass the title thereto as effectually as if " said
property, franchises, and rights were located, used, levied upon,
and sold in the county wherein said writ of execution was
issued."　It is obvious that such comprehensive process was
not designed for the collection of a judgment founded on a
mechanics' lien.　This lien is statutory, and in the procedure
for its enforcement the judgment and execution are restricted
to the property bound by it.　It is the policy of the law to
keep intact the property belonging to and essential to the
operations of a public corporation, and hence its creditors will
not be permitted to divide such property and sell a part of it.
It would be a signal abandonment of this policy, and it would
invite a division of the property, to allow it to be sold on me-
chanics' lien process.　This could not be done prior to the act
of 1870, and we discover nothing in that which authorizes it.
The fieri facias allowed by that act is not a substitute for the
ordinary fieri facias under the seventy-second section of the
act of June 16, 1836, but it is in lieu of sequestration under
the seventy-third section of it.　The process and procedure
provided by the seventy-second section remain, and the pro-
cess provided by the seventy-third section is superseded by the
special fieri facias given by the act of 1870.　The condition

precedent to sequestration was an ordinary fieri facias, returned unsatisfied in whole or in part, and this must precede the writ which takes its place. By this precedent return on the ordinary fieri facias the insolvency of the corporation is discovered, and the necessity of recourse to a sale for the benefit of its creditors of its franchises and property essential to its operation is demonstrated. It was decided in Bayard's App., 72 Pa. 453, that a sale on the fieri facias given in lieu of sequestration did not change the rule of distribution, but that its proceeds were for the benefit of all its creditors, and on the footing of moneys made by a sequestrator under the act of 1836. The proceeds of a sale of real and personal property under the seventy-second section of that act were applicable to the liens in their order.

The view that we have taken of the act of 1870, and its effect upon the established practice in the appropriation of the property of a corporation to the payment of its debts, is sustained in an opinion by our Brother Mitchell in Flagg v. Farnsworth, 12 W. N. 500, and adopted by Judge McDermitt in Second N. Bank v. Manuf. Co., 13 W. N. 174. These were Common Pleas decisions, but the reasoning which supports them is clear and satisfactory, and in our opinion fully vindicates the judgments. While the precise question has not heretofore arisen in this court, it is plain that this was the view entertained by Chief Justice THOMPSON, in Phil. etc. R. Co.'s App., 70 Pa. 355, and by Justice WILLIAMS in Bayard's App., supra. As the property described in the claim in this case is essential to the operations and is part of the works of the corporation, Foster v. Fowler, supra, sustains the action of the court in striking off the lien.

Judgment affirmed.