## Vulcanite Paving Company *v.* Philadelphia Rapid Transit Company, Appellant.

220   603
Case 2
225   ²494
226   ²477

*Mechanic's lien—Corporation—Street railway company—Constitutional law—Special legislation—Act of June 4, 1901, P. L. 431.*

The power house of an electric street railway is not subject to a mechanic's lien under the Act of June 4, 1901, P. L. 431.

The method provided by sec. 46 of the act of 1901, for the enforcement of the judgment on the lien by a special fi. fa. under the Act of April 7, 1870, P. L. 58, not being a proceeding in rem so as to enforce the claim against the particular building into which the materials entered, is special legislation for this class of liens, obnoxious to the

constitution, and, therefore, inoperative. The method of enforcing the lien being inoperative, the lien itself must fall.

Argued March 23, 1908. Appeal, No. 19, Jan. T., 1908, by defendant, from order of C.-P. No. 2, Phila. Co., June T., 1907, No. 376, M. L. D., making absolute rule for judgment for want of a sufficient affidavit of defense in case of Vulcanite Paving Co. v. The Philadelphia Rapid Transit Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Scire facias sur mechanic's lien, filed by a subcontractor under the Act of June 4, 1901, P. L. 431.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense denied the right of the plaintiff to file the lien involved in the suit.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Ellis Ames Ballard,* with him *Boyd Lee Spahr,* for appellant.—It is clear that prior to the mechanic's lien law of June 4, 1901, P. L. 431, a power house of a street railway company was not subject to a mechanic's lien, and it has been expressly so decided : Oberholtzer v. Norristown Pass. Ry. Co., 16 Pa. C. C. Rep. 13 ; Christ v. Schuylkill Elec. Ry. Co., 23 Pa. C. C. Rep. 353 ; 9 Pa. Dist. Rep. 268.

The rule has not been changed by the act of 1901 : Margo v. Penna. R. R. Co., 213 Pa. 468; Reynolds v. Reynolds Lumber Co., 169 Pa. 626 ; Johnson Co. v. Miller, 174 Pa. 605; Ayars' App., 122 Pa. 266.

Section 46 offends against article III, sec. 7, of the constitution, prohibiting special legislation "providing or changing methods for the collection of debts." It creates an entirely new class of debtors and provides against them a method for the collection of debts which is not only special, but which relates to debts of a third party. The legislature cannot lawfully say that the entire property of a public service corporation shall be subject to a judgment on a mechanic's lien as if

the judgment were a personal one, and at the same time restrict a judgment against individuals or other corporations to the building against which the lien is filed.

The claimant may urge that, admitting all this to be true, it is all a matter of execution, that its lien is valid, and that the question of enforcing it is not before the court. On the contrary, the court will not stultify itself by entering a worthless judgment: Williams v. Controllers, 18 Pa. 275; Foster v. Fowler, 60 Pa. 27.

*Preston K. Erdman*, with him *P. B. Steffan* and *Walter Biddle Saul*, for appellee.—Where a statute which creates a duty or liability provides no form of action or mode by which it may be enforced, the right to an appropriate action is implied in favor of the party in whose behalf the duty or liability arises: Lancaster County v. Lancaster City, 160 Pa. 411; Com. v. Conyngham, 66 Pa. 99; Ammant v. Turnpike Road Co., 13 S. & R. 210; Reid v. R. R. Co., 32 Pa. 257.

The act of 1870 appears to be perfectly adequate and to provide a remedy which is entirely proper and not offensive to the provisions of the constitution. It has always been held that a court of law has full control over its own process and has the right to mold its executions in such a form as will meet the requirements of any particular case: Patterson v. Patterson, 27 Pa. 40; Pearson v. Morrison, 2 S. & R. 20; Irwin v. Shoemaker, 8 W. & S. 75.

A law may by classification or otherwise produce some diversity of result and yet be general, for where the classification is based on genuine distinctions its expediency is for legislative determination: Stegmaier v. Jones, 203 Pa. 47; Com. v. Fisher, 213 Pa. 48; Com. v. Gilligan, 195 Pa. 504.

OPINION BY MR. JUSTICE ELKIN, April 20, 1908:

Prior to the act of 1901 there can be no question that it was the settled policy of the law, as expressed in the decisions of our courts and by statute, that the property of a public service corporation essential to the operation of its franchises, could not be seized and sold under an ordinary writ of fieri facias. Indeed, as far back as 1825, Chief Justice TILGHMAN, speaking for the court in Ammant v. Turnpike Road Company, 13 S. & R.

210, held that such property was entirely exempt from levy and sale on execution. To avoid the harsh consequences of this rule and to give judgment creditors a remedy against such corporations, the Act of June 16, 1836, P. L. 755, was passed. This act provided for the sequestration of the property and earnings of a corporation in order to satisfy a judgment obtained against it. The sequestration proceedings were so cumbersome that the legislature in 1870 by statute provided a new process in the nature of a special writ of fieri facias, under which the property of a quasi public corporation may be seized and sold, but in order to do so it is necessary to strictly follow the requirements of the act. The decisions of our courts, as well as the statutes relating to the subject, are based on a policy of the law intended to keep intact the property belonging to and essential in the operation of a public service corporation, so that its creditors may not seize and sell the same piecemeal, and by thus disabling it defeat the purpose for which it was created by rendering it unable to perform its duties to the public. On this question see Turnpike Co. v. Wallace, 8 Watts, 316; Canal Co. v. Bonham, 9 W. & S. 27; Phila. & Baltimore Central Railroad Co.'s Appeal, 70 Pa. 355; Com. v. Railroad Co., 122 Pa. 306; Margo v. Railroad Co., 213 Pa. 468.

As to mechanics' liens it was held in Foster v. Fowler, 60 Pa. 27, and Guest v. Merion Water Co., 142 Pa. 610, that under the then existing law structures essential to the operation of a quasi public corporation are not subject to lien by the mechanic and material man as other buildings are. These cases followed the rule hereinbefore stated, and held that it was against the policy of the law to permit a lien to be filed against the engine house, pumping station and other structures of a quasi public corporation. Thus the law stood until the passage of the act of 1901, and it must now be determined whether this act has changed or modified the old rule so as to permit the filing of a lien against the power house of the defendant company, erected upon a lot therein described, even if the legislature had the power to do so, when enforced in the same manner as other mechanics' liens, which question has not been raised, and need not be determined for the purposes of the present case. It must be conceded that the definition of

the words " structure or other improvements," used in the first section of the act, is broad enough to include the stations, power houses and other structures of a public service corporation, but the difficulty is in the remedy provided for the enforcement of the claim.   Section 46 provides that where judgment is recovered upon any claim, the property named in which is essential to the business of a public service corporation, " the claimant shall have execution thereupon as in other cases of judgment against corporations.   Upon the distribution of any fund realized by a sale of the franchises, and the whole or any part of the assets of the corporations, the court shall determine the relative value of the whole improvement to the property, to recover from part or all of which the claim was filed, and the claim shall be proved with other such claims to the extent that the value thus determined bears to the whole value of the franchises and assets sold."   The ordinary process for the enforcement of a judgment obtained on a mechanic's lien is by levari facias which is a proceeding in rem.   But as to public service corporations a different process is provided by the act of 1901, that is to say, the claimant shall have the same kind of execution process as is provided for the enforcement of judgments against such corporations.   In other words, the appellee in the present case, after having obtained a judgment on the claim filed against the power house of the appellant corporation, cannot sell the same on a writ of levari facias, but must proceed by special writ of fieri facias under the act of 1870, which authorizes the seizure and sale of property essential and necessary to the existence of a quasi public corporation, not piecemeal, so as to stop its operation and defeat the object of its charter, but as a whole : Reynolds v. Lumber Co., 169 Pa. 626.

It will thus be seen that while the act of 1901 may authorize the filing of a lien against the power house of the appellant company, that lien can only be enforced by the sale of all its property, and the remedy thus provided is not an action in rem, but is in the nature of a proceeding in personam, under the special writ of fieri facias provided by the act of 1870. This is the very thing that this court said in the recent case of the Vulcanite Portland Cement Co. v. Allison Co. et al., ante, p. 382, could not be done.   In that case it was held that

the mechanics' lien laws were founded upon the theory that those who furnished labor and materials in the construction of a building should have the right to file a lien against the building itself, the structure into which their labor and materials entered in preference to other general creditors as a protection in so far as the building itself and the curtilage surrounding it afforded a security, but as was plainly indicated in that opinion such liens must be restricted to the particular buildings or structures against which the claim is filed. Under the rule of that case the lien in the present case cannot be sustained. It is argued with much force that the lien may be valid even if the method of enforcing it cannot be sustained. This is not an open question, for the exact point was made in Foster v. Fowler, 60 Pa. 27, in which Chief Justice THOMPSON, speaking for the court, said : " In the able argument of the learned counsel of the plaintiffs in error it was claimed that we should consider the question of lien without reference to its possible enforcement. This would be too abstract and unpractical ; for the lien abstractly, is nothing, its consequences or results, everything. The fruits of a lien are what the plaintiffs in error are contending for. We cannot, therefore, look at the question of lien without reference to the legal consequences of it, and if they would necessarily contravene settled principles it is evidence that such an effect should not be given, and was not intended by the law, and if it be incapable of the practical results assigned by law to it, it is inoperative, is no lien."

We therefore hold that the method provided by section 46 for the enforcement of the judgment, not being a proceeding in rem so as to enforce the claim against the particular building into which the materials entered, is special legislation for this class of liens, obnoxious to the constitution, and therefore inoperative. The method of enforcing the lien being inoperative, the lien itself must fall. The affidavit of defense is sufficient to prevent judgment.

Judgment reversed and record remitted to the court below, with direction to enter such judgment or make such order as the pleadings require in accordance with this opinion.