ANNIE HARRIS, complainant-respondent,

*v.*

SAMUEL NESWIT, EVA NESWIT, and NESWIT REALTY COMPANY et al., defendants-appellants.

[Submitted October term, 1928. Decided May 20th, 1929.]

*Messrs. Stein, McGlynn & Hannoch (Samuel Roessler,* of counsel), for the appellants.

*Mr. Aaron A. Melniker,* for the respondent.

The opinion of the court was delivered by

KALISCH, J.

This appeal is from an interlocutory order made by the court of chancery upon a petition filed by Posnak & Turkish, Incorporated, defendant, in a foreclosure suit, instituted in said court by Annie Harris, the complainant, and Samuel Neswit et al., defendants, and in which suit Posnak & Turkish, Incorporated, was also a defendant, and which order, in substance, directed the Bergen and Grant Corporation, another defendant in said suit, to deposit with the clerk of the court of chancery, the sum of $15,550.04, there to remain until disposed of by final decree in said foreclosure suit, and to pay the balance due to the Center Realty Company, also a defendant in said foreclosure suit, upon the latter's mortgages, after deducting the sum of $15,550.04, and that upon such deposit having been made, and such balance having been paid, the Center Realty Company shall cancel such mortgages of record, or in lieu thereof, execute and deliver to the Bergen and Grant Corporation proper releases of the lands and premises described in the bill of complaint from the liens of the said mortgages, or in lieu thereof, at the election of the Center Realty Company, the latter shall. enter into, execute and deliver to Posnak & Turkish, Incorporated, or its solicitor, a bond in the said sum of $15,550.04, conditioned for the payment of any sum found to be due upon the certain lien claims of Posnak & Turkish, Incorporated, on the premises described in the bill of complaint in priority of the lien of the mortgages held by the Center Realty Company, or found to be due to Posnak & Turkish, Incorporated, upon final decree, &c.

It is from this order the Center Realty Company appeals.

Counsel of appellant challenges the judicial propriety of the making of the order. This posture of the cause requires a summary of the facts upon which the order was made.

The complainant filed her bill to foreclose a mortgage upon certain premises located in Jersey City. To this foreclosure proceeding she not only made the then owner of the property defendant, but all parties having any lien or liens thereon of any character, or description, were made defendants. Some of the liens were in the nature of mortgages, and some were mechanics' liens. One of the lien claimants was the Engler Lumber Company. It had brought an action to enforce payment of a mechanics' lien filed by it against the mortgaged premises, which action resulted in a judgment. The premises in question were sold under the judgment, by the sheriff, under a special *fieri facias,* subject to all mortgages, including the mortgage of the Center Realty Company.

Charles Engler was a purchaser of the premises at the sheriff's sale. He in turn sold the property to the Bergen and Grant Corporation, and that company resolved to pay off the mortgage liens upon the property, subject to which liens the property had been sold by the sheriff.

The Center Realty Company was the holder of a mortgage covering said premises. Posnak & Turkish, Incorporated, was a lien claimant, having filed a lien for his claim against said premises.

The latter company having ascertained that it was the intention of the present owners of the property to pay off the mortgage liens thereon, applied to the court of chancery, by petition, to restrain such owners from paying the Center Realty Company's mortgage, basing its right to such relief upon the assertion that its mechanics' lien was a prior lien to the Center Realty Company's mortgage, and hence, was first entitled to be paid, and that unless the relief sought for was granted, there would be nothing left for the petitioner, out of which it could satisfy its lien claim. It was apparently upon this theory that the rule to show cause which eventuated into the order which is now before us, on review, was made by the vice-chancellor.

We cannot perceive any legal basis for the order. The legal effect of the sale, made by the sheriff, by authority of the special *fieri facias,* under the lien claim judgment of the

Engler Lumber Company was by virtue of section 28 of the Mechanics' Lien law, for the benefit of all the lien claimants, for the premises were apparently sold under, and by force of said section, clear of all mechanics' liens. There was no legal obstacle in the way of a lien claimant to protect such interest as he might have had in the property at the sheriff's sale.

It would be a preposterous position to take, that each lien claimant is entitled to come in after a sale has been made of the property, under a special *fieri facias,* and obtain another *fieri facias* to enforce his lien claim, by a sale of the same property.

To avoid any such absurd result, section 29 of the Mechanics' Lien act provides that all liens are concurrent liens for erecting, adding to, repairing or altering the same building, &c., and are to be paid *pro rata,* out of the proceeds thereof when sold by virtue of the act. It is therefore quite obvious that the sale of the premises, in question, under the lien claim judgment of the Engler Lumber Company, by force of section 28, of the Mechanics' Lien act, had the legal effect to wipe out the lien claim of the Posnak & Turkish, Incorporated. This being so, it had no interest whatever in the contemplated action of the owner of the property, in paying off any or all of the mortgage encumbrances thereon.

On the other hand, if the sheriff's sale did not have the legal effect to extinguish the lien of Posnak & Turkish, Incorporated, then it is quite obvious that the latter can enforce its lien against the land, irrespective of the fact, whether or not the owner of the land pays off the mortgage encumbrances thereon.

These views lead to the result that the order appealed from is reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.