BERWYN ESTATES

*v.*

ENRICO VARLESE et al.

[Decided May 19th, 1930.]

Mr. *George A. Henderson,* for the appellant.

Mr. *Aaron Marder,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The Berwyn Estates, being the owner of a certain parcel of land in the city of East Orange, conveyed the same on November 17th, 1926, to a corporation known as Boyarsky & Gordon, Incorporated. In part payment of the considera-

tion money, the grantee executed a mortgage to the Berwyn Estates for $17,000. At the same time the purchaser executed a construction loan mortgage for $7,000 by the terms of which the Berwyn Estates was obligated from time to time to advance moneys to the purchaser to be used in the erection of a building upon the land which had been conveyed. This latter mortgage was payable by its terms on the 17th day of May, 1927. After the execution and delivery of this instrument, the Berwyn Estates from time to time advanced the whole amount of $7,000 for use in the construction of a building which the purchaser, after the conveyance and the execution of the mortgages, started to erect. When the $7,000 mortgage came due, the purchasers, Boyarsky & Gordon, Incorporated, defaulted in the payment thereof, and the Berwyn Estates then filed a bill for the foreclosure of this mortgage. The suit was instituted on the 12th of August, 1927, and subpœnas were issued against the defendants named therein within a week or ten days thereafter. The foreclosure suit went to a final decree and an execution was issued upon the decree directed to the sheriff of the county of Essex, who, in accordance with the mandate of the writ, sold the property. The highest bidder at the sale being the Berwyn Estates, the holder of the mortgage, the property was struck off to it by the sheriff and a deed for the same was delivered by that officer to the purchaser on January 9th, 1928.

Enrico Varlese, one of the defendants in this litigation, had done certain work upon, and furnished certain materials used in the erection of the building under a written contract executed by himself and Boyarsky & Gordon, Incorporated, the labor having been performed and the materials furnished between April 27th, 1927, and July 1st of that year. He was not, however, made a party to the foreclosure suit, the reason for this omission being that at the time when it was instituted he had not filed his lien claim pursuant to the statute, and consequently was not the holder of an encumbrance upon the mortgaged premises. On September 28th, 1927, however, he did file a lien claim against the premises, and in October of that year instituted a suit on this lien claim

seeking to recover from the Boyarsky & Gordon Company the moneys due under its contract, or in the alternative, to have his lien claim satisfied by a sale of the premises upon which the building had been erected. He did not, however, see fit to make the Berwyn Estates a party to the suit thus instituted by him. The case went to trial with the result that a judgment was entered in favor of Varlese, being general as to the Boyarsky & Gordon Company and special as to the lands embraced in the lien claim. Later he sued out a general and special writ of *fieri facias* on this judgment, the writ being directed to the sheriff of the county of Essex, him to cause the moneys due to Varlese to be paid to the latter by Boyarsky & Gordon, Incorporated, and if he was unable to do so, then to make the amount of the mechanics' lien claim judgment out of the lands and premises covered by the lien. This writ of execution having been delivered to the sheriff, the complainant thereupon filed its present bill to quiet the title to the lands and premises in question, praying that it be decreed to have a perfect title to the land, and that the defendant Varlese be decreed to have no estate, interest or right in, or encumbrance upon said land, and that he be enjoined from further proceeding with the enforcement of the writ of *fieri facias* sued out on the judgment in the mechanics' lien suit.

The defendant Varlese filed his answer, setting up therein that notwithstanding the foreclosure proceeding, he had a valid lien upon the mortgaged premises; that his lien was prior to that of the $7,000 mortgage which was the subject of the foreclosure suit, and that it had not been extinguished by the decree and sale in that suit. He also set up by way of counter-claim that after the Berwyn Estates had purchased this property at the foreclosure sale, it executed to a corporation known as the Foundation Building and Loan Association a mortgage for $20,000 upon the property which is the subject of the present litigation; that as a matter of fact, the mortgage was not made to secure moneys loaned by the mortgagee to the Berwyn Estates, but solely for the purpose of defrauding the defendant Varlese by preventing

him from enforcing his mechanics' lien against the property. Upon these facts he asked that the Foundation Building and Loan Association be made a party defendant and required to answer the counter-claim.

After a hearing had upon the bill, answer, counter-claim and replication, Vice-Chancellor Berry, before whom the hearing was had, advised a decree granting the relief prayed for by the Berwyn Estates in their bill of complaint, and dismissing Varlese's counter-claim against the Foundation Building and Loan Association. The defendant Varlese has appealed from the whole decree and now claims before us that the granting of the relief sought by the Berwyn Estates was without legal justification, and that the dismissal of his counter-claim was in the face of proofs showing that it was meritorious.

The right of the complainant to the relief sought by and granted to it by the decree now under review is, in our opinion, perfectly clear. Section 58 of our Chancery act (*Comp. Stat. p. 432*) provides that "in any suit for the foreclosure of a mortgage upon real property, all persons claiming an encumbrance or lien upon such property which by any provision of law could be recorded, registered, entered or filed in any public office in this state, and which shall not be so recorded, registered, entered or filed at the time of the filing of the bill in such suit, shall be bound by the proceedings in such suit so far as the said property is concerned, in the same manner as if he had been made a party to and appeared in such suit, and the decree therein made against him as one of the defendants therein." In the case of *Stiles* v. *Galbreath, 69 N. J. Eq. 222, 232,* it was declared by the court of chancery that "the terms of that statute apply to the situation existent when the bill to foreclose was filed; and that materialmen who, by the statute (the Mechanics' Lien law), then had inchoate liens for material furnished to the building, which they had not advanced to the stage of filed claims, are, under the terms of that statute, so bound by the foreclosure decree that they cannot make any further claim against the mortgaged property." On appeal from the decree entered in

accordance with this view, the court of errors and appeals affirmed the decree for the reason stated in the opinion from which I have just cited. In view of this statute and the decision referred to, the complainant below was entitled as a matter of right to the relief sought by his bill.

As to so much of the decree as dismissed the counter-claim of Varlese against the Foundation Building and Loan Association, it is enough to say that it is entirely without substance; that there is nothing in the proofs submitted to the vice-chancellor that support the averment contained in the counter-claim. Counsel for the appellant apparently appreciated that this was the situation, for he has not attempted to satisfy us by any argument or citation that there was error in this part of the decree appealed from.

For the reasons stated the decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.