Defendant moves to strike out complainants' bill upon the ground that it fails to set out a legal or equitable cause of action. The allegations of the bill thus challenged are that complainants, Jacob Madison and Passaic Plumbing and Supply Company, filed mechanics' liens in the sums of $2,655.08 and $4,131.63, respectively, against the land and building of the Diro Noya Realty Company, located in the city of Orange; that subsequently complainant Passaic Plumbing and Supply Company, commenced suit upon its said lien in the Essex county circuit court, and therein made *Page 31 
the present defendant, which then held and still holds the first mortgage on the property in question, a party defendant; that thereafter an order was entered in said suit striking out the answer filed therein by the present defendant and adjudging said plaintiff's (complainant herein) lien to be prior to that of said defendant's mortgage, but only to the extent of $206,435 of the moneys advanced thereunder; that by a decree of this court dated June 5th, 1928, the Diro Noya Realty Company was adjudged insolvent and receivers were duly appointed for it; that thereafter the Robert Realty Company (so designated for convenience), by leave of this court, instituted foreclosure proceedings upon the mortgage which it held upon the property in question — which mortgage, while subordinate to that of the present defendant's mortgage, was nevertheless superior to the liens of complainants — and joined both of the present complainants but not the present defendant as parties defendant in its said foreclosure proceedings; that by reason of the decree of foreclosure therein entered, complainants' respective claims have been literally wiped out and that irreparable injury will be suffered by them unless the present defendant is enjoined from collecting any moneys upon or assigning its said mortgage.
The bill then concludes with a prayer for an injunction against the defendant restraining it from assigning or receiving any moneys upon its said mortgage and also for a decree adjudging defendant's mortgage to be a lien upon the property in question subject and inferior to the respective mechanics' liens of complainants.
The relief thus sought is of a dual character. The bill, however, is devoid of any allegations upon which a right to either or both of these forms of relief can possibly be found to exist, at law or in equity, in favor of complainants.
A mechanics' lien, as contemplated by our Mechanics' Lien law and the adjudicated cases in point, may be said to be a right to charge specific property, which said lien affects and upon which it is asserted, with the payment of a particular debt to which it is incident. Vulcanite Paving Co. v. Philadelphia RapidTransit Co., 220 Pa. 603; 69 Atl. Rep. 1117; *Page 32 See v. Kolodny, 227 Mass. 446; 116 N.E. Rep. 888. In so far as it affects anyone, other than him who contracted or otherwise obligated himself to pay the debt thereby secured, it is a mere right in rem, not in personam. As such, its satisfaction can only be sought from the property upon which it is asserted and — in the absence of an obligation on their part — not from any of the persons claiming an interest in said property, be said interest that of owner, mortgagee or otherwise.
Inasmuch as the bill fails to contain a single allegation from which an inference may legally or equitably be drawn that the defendant was or is under a legal or equitable duty to personally pay or satisfy complainants' lien claims, it cannot be sustained for the purpose of affording complainants the injunctive relief sought against the defendant.
Nor can this bill be sustained upon the theory that complainants have a lien upon or interest in the property in question. Sight must not be lost of the fact that the defendant's only interest in the property in question was and still is that of first mortgagee. Moreover, complainants' interest in or liens upon the said property were, in so far as said property is concerned, completely and effectively discharged and extinguished by the final decree of foreclosure entered in the foreclosure proceedings brought upon the mortgage of the Robert Realty Company. Complainants, having been made parties defendant in the said proceedings brought to foreclose the Robert Realty Company's mortgage, which, as hereinbefore indicated, was superior in lien to those asserted by said complainants, are bound by the final decree therein entered and are legally and effectively barred and precluded from making any further claim against the said mortgaged property. Harris v. Neswit, 104 N.J. Eq. 465; BerwynEstates v. Varlese, affirmed in 106 N.J. Eq. 465; Rosenberg v.Cupersmith, 240 Pa. 162; 87 Atl. Rep. 570.
The purchaser at that foreclosure sale, who is not the present defendant nor even a party to this suit, by virtue of the sheriff's deed acquired and now holds the property in question free and clear of any and all rights or interests which *Page 33 
the complainants may have had therein or asserted thereon. To now permit complainants, by this collateral proceeding, to attempt to re-establish and reaffix their respective liens upon the said property from which they were effectively discharged by the said final decree in foreclosure, would in effect be tantamount to permitting them to collaterally contradict, impeach and practically nullify the verity, validity and binding effect of said decree, which still remains in full force and effect, a thing which, under all of the authorities, cannot be done.Shearmon v. Cameron, 78 N.J. Eq. 532; Sarson v. Maccia,90 N.J. Eq. 433; In re Walsh, 80 N.J. Eq. 565; Rosenstein v. Burr,80 N.J. Eq. 424; Margolus v. Goldberg, 101 N.J. Law 75;Mochamkes v. Goldsmith, 101 N.J. Law 356.
Complainants strongly urge and stress, as a basis for the relief which they here seek, the fact that their respective liens have been wiped out by the decree in forclosure. As already indicated, such was but the natural and legal result and effect of the solemn foreclosure decree of this court, and, therefore, cannot possibly be laid hold of as affording a means or basis for relief, inconsistent therewith, as is here sought by complainants. Moreover, complainants do not even now allege or claim that any legal obstacle existed in the way of their protecting their respective interests at the sheriff's sale, which, as indicated by the court of errors and appeals, in the case of Berwyn Estates v. Varlese, supra, they could have done, if they so desired.
It is not to be here understood that complainants, situated as they were prior to and at the time of the foreclosure sale under the Roberts Realty Company mortgage, had available to them no legal or equitable proceedings whereby they could then have amply secured or at least preserved the rights claimed by them and which undoubtedly are conceived as and meant to constitute the basis of their present action. That our system of jurisprudence is not so lacking, inadequate or incompetent has already been observed by our court of errors and appeals in the case ofPosnak Turkish, Inc., v. Neswit Realty Co.,108 N.J. Law 126. *Page 34 
Hence, in the event that complainants did take any steps or proceedings, prior to the said foreclosure sale, for the purpose of securing or enforcing their respective claims of priority over defendant's mortgage, notwithstanding such foreclosure sale, or tending to show that such sale, if permitted would work an injury or injustice to them, or charging any fraud or deception in connection with said foreclosure proceedings or sale, they may have leave to amend their bill within a time to be fixed by the court upon application of complainant or its solicitor, so as to set out such facts, otherwise an order may be taken striking out their bill.