# Williams *versus* Controllers.

A public school house of the first school district of Pennsylvania, is not subject, under the Mechanics' Lien Act, to a claim for materials furnished to the contractor for the erection of the building.

ERROR to the District Court, *Philadelphia.*

This was a *scire facias* by Williams and others against the controllers of the public schools of the first school district of Penn-

[Williams *v.* Controllers.]

sylvania, as owners or reputed owners, and John Lewis contractor; and was issued upon a claim filed under the Mechanics' Lien Law for lumber furnished under a contract with Lewis, the contractor for the erection of the Roxborough public school building against which the claim was filed. For the controllers was pleaded *non assumpsit*, payment, set-off with leave, &c.; and further, that the plaintiffs ought not to maintain their claim, because the building described in the claim was contracted to be erected for the controllers of the public schools of the first school district of Pennsylvania, for the use of the people of the city and county of Philadelphia for public school purposes, and to be paid for out of the school fund held by the treasurer of said county, &c.

To the first, second, and third pleas, replications were filed; and to the fourth a demurrer. The issues of fact were tried and verdict rendered for plaintiffs, and afterwards the Court entered judgment for the defendants.

Error was assigned to the entering of judgment on the demurrer; also to the decision that the school-house in question was not the subject of a mechanic's lien.

*Clayton*, for the plaintiffs in error.—In the case of Wilson *v.* Commissioners of Huntingdon county, 7 *Watts* 197, it was held that there could not be a recovery against a *county* on a mechanic's lien for materials furnished for the erection of a court house. This was on the ground that the 6th section of the Act of 15th April, 1834, restricted the remedy in such a case to a proceeding by *mandamus;* but that the present is not a proceeding against *the county of Philadelphia.* The controllers are a separate and distinct corporation, as appears from the Act of 16th April, 1845, incorporating the defendants: Acts of Assembly of 1845, p. 502. The Act makes them a body politic and corporate, with capacity to sue and be sued, and to hold real estate, &c. By the Act of 23d January, 1821, the controllers are to report to the county commissioners annually the amount required for public schools; the commissioners are to ascertain and fix the *per centum* amount of county tax which will produce the sum required, and give notice to the treasurer, who is to keep a separate account for the controllers; and as the taxes are paid in, he is to pass to the credit of the controllers the amount according to the rate *per cent.* fixed, which shall be subject to orders drawn on the treasurer *by the controllers.* The county commissioners have nothing to do with the funds of this corporation, and no mandamus could issue to them in such a case as this, and none to the treasurer, because he is required to pay only on the orders of the controllers.

*G. M. Wharton*, and *Emlen*, for defendants.—The case of

[Williams *v.* Controllers.]

Wilson *v.* The Commissioners of Huntingdon county, 7 *W. & Ser.* 197, was decided on the ground that the county buildings are held in *trust for the use of the people of. the county.* The controllers of the first school district were incorporated by Act of 16th April, 1845. Before the passage of this Act the title to real estate held for public school purposes was vested in the commissioners, or in the county of Philadelphia, for the use of the controllers of the public schools. Such real estate, by the 6th section of the Act, became vested in the corporation created by the Act. The funds for buying lots and building school-houses was raised partly by taxation from the citizens of the city and county, and partly from the state, and the property is used for the purposes of public school education. By the Act of 10th April, 1834, constituting *the county board,* and its supplements, the controllers can draw for no money which has not been appropriated to public school purposes by a resolution of the county board, which board has the same control over appropriations for school purposes that it has over all county expenditures. The controllers have no power to draw orders for a greater amount, or to charge the county treasury beyond the sum placed to their credit. The schools are maintained, as well as built, at the public expense, and are open to all applicants of the proper ages.

The opinion of the Court was delivered, April 12, by

LOWRIE, J.—Where there can be no execution, there can be no action, and as a *levari facias* is the only execution proper on a judgment on a mechanic's lien, and as that sort of execution is not allowed against a county, it follows that this form of action cannot be sustained, if these defendants come within the meaning of the word "county". The Execution Act of 1836, s. 72, would seem to consider such a body as coming within the spirit of the description, for it excepts from the ordinary execution against corporations, all counties, townships, and "other public corporations;" and the impolicy of such an execution against such a corporation is illustrated by Mr. Justice KENNEDY, in Wilson *v.* The Commissioners of Huntingdon County, 7 *W. & Ser.* 199.

"The first school district of Pennsylvania," is the city and county of Philadelphia, or in other words, the county of Philadelphia including the city. The controllers are therefore the officers of the county in that part of its public business which relates to public schools. If they are sued, they are merely the agents of the county to attend to the suit. The county is in fact the party under a particular name, and it must provide the means of satisfying the judgment, if one be obtained. They represented the county for school purposes before they were incorporated, and their relation is in no way changed by the fact of incorporation. It is abandoning substance and standing upon words, to say that

[Williams *v.* Controllers.]

their corporate name is anything but a name of the county of Philadelphia, indicating a particular aspect of its interests. And no party suffers by being limited to the remedy by mandamus, a very good and effectual writ, if adopted and executed according to the spirit of the law.

The claim here is for materials furnished by persons who never had any contract with the controllers, and who seek to make the county liable, because the builder to whom they sold the materials has failed to pay them. Such a lien may be allowed against private persons, without implying that the public and its officers should also be held to the duty and risk of seeing that all the workmen and material men are paid their claims before they settle with the man with whom they contracted to do the whole work. If such is the duty of school directors, they fill an unrewarded office at a risk, that is not generally taken into account.

Judgment affirmed.