# Rosenberg v. Cupersmith, Appellant.

*Mechanics' liens—Discharge by judicial sale—Act of June 4, 1901, P. L. 431—Scire facias sur mechanics' lien—Right to proceed after discharge of lien—Jurisdiction of court.*

1. A mechanics' lien is discharged by a judicial sale of the real estate bound by the lien. The purchaser at such sale takes the property discharged from the lien, and the lien claimant is remitted to the fund produced by the sale for the satisfaction of his claim. There is nothing in the mechanics' lien Act of June 4, 1901, P. L. 431, in conflict with these principles, and section fifty-six of that act expressly provides for resort to the fund by a lien claimant.

2. A claimant has no right to proceed to judgment on a scire facias sur mechanics' lien for the purpose of having the amount of his claim ascertained, when the lien has been destroyed. If no execution can issue on a judgment on the scire facias by reason of the non-existence of the lien, there is no reason for determining in such proceeding the sum due the claimant.

3. Where a mechanics' lien claim was filed against a property covered by a mortgage, under which the property was subsequently sold by the sheriff in foreclosure proceedings, and the claimant, on the day of the sale, sued out a writ of scire facias sur mechanics' lien, the court had no jurisdiction to proceed with the scire facias, as the mechanics' lien was destroyed by the sheriff's sale. It was not too late for the defendant to raise the question of jurisdiction at the trial; the right of the court to adjudicate the cause could be questioned at any time.

Argued Jan. 17, 1913. Appeal, No. 273, Jan. T., 1912, by Alexander J. Kirkland, Intervening party defendant, from judgment of C. P. No. 5, Philadelphia Co., June T., 1908, No. 841, M. L. D. on verdict for plaintiff in case of Samuel Rosenberg v. Nathan Cupersmith, Owner or Reputed Owner, and Alexander J. Kirkland, Intervening Party Defendant, Alexander J. Kirkland. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and STEWART, JJ. Reversed.

Scire facias sur mechanics' lien.  Before RALSTON, J.
The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,922.40.
Defendant appealed.

*Errors assigned* were, inter alia, the refusal of the
court to direct a verdict for the defendant, and to enter
judgment for the defendant n. o. v.

*Harry G. Sundheim,* for appellant.—When the premi-
ses in question were sold at sheriff's sale the court out
of which the sci. fa. sur mechanics' lien issued, eo in-
stanti, was divested of jurisdiction of the subject mat-
ter, and, therefore, the plaintiff could proceed no further
in this cause of action: Hill v. Tionesta, 129 Pa. 525;
Musselman's Appeal, 101 Pa. 165; Black's v. Black's, 34
Pa. 354; McConkey v. Slate Co., 3 Pa. D. R. 594.

The lien was discharged by the judicial sale: Edridge
v. Madden, 7 W. N. C. 226; Twelves v. Williams, 3
Wharton 485.

After the sheriff's sale the lien creditor was remitted
to the fund realized thereby in the foreclosure proceed-
ings, and he could not proceed by scire facias on his
mechanics' lien: Anshutz v. McClelland, 5 Watts 487;
McLaughlin v. Smith, 2 Wharton 122; Williams v. Con-
trollers, 18 Pa. 275; Foster v. Fowler, 60 Pa. 27; Lieb v.
Bean, 1 Ashmead (Pa.) 207; Andrews v. Fishing Creek
Lumber Co., 161 Pa. 204; Keeler's Appeal, 161 Pa. 204;
Vulcanite Paving Co. v. Rapid Transit Co., 220 Pa. 603.

*Bernard Harris,* of *Harris & Lewis,* with him *Israel
K. Levy,* for appellee.—The appellant is bound by the
issue he has raised on the merits only, and was estopped
from questioning the jurisdiction of the court at the
trial of the cause: Deeds v. Imperial Brick Co., 219 Pa.
579; Schellentrager v. O'Donnell, 44 Pa. Superior Ct.
43; Street Ry. Pub. Co. v. Conner, 13 Pa. D. R. 186; Vir-

tue v. Ioka Tribe, 5 Pa. D. R. 634; Daley v. Iselin, 212
Pa. 279.

The lien was not destroyed by the sheriff's sale:
Wyss-Thalman v. Beaver Val. Brewing Co., 216 Pa. 435;
Heistand v. Keath, 229 Pa. 149.

OPINION BY MR. JUSTICE MESTREZAT, March 31, 1913:

This is a scire facias sur mechanics' claim, and the
assignments of error are to the refusal of the court
below to direct a verdict for the defendant and to enter
judgment for the defendant non obstante veredicto.

On September 12, 1908, Rosenberg, the plaintiff and
appellee, filed a mechanics' lien for work and material
against the premises at 622 South Second street, Phila-
delphia, which were at the time owned by Nathan Cuper-
smith with whom Rosenberg contracted. Cupersmith
was afterwards adjudged a bankrupt and his trustee
sold the premises to Alexander J. Kirkland, the defend-
ant. The property was subject to a mortgage given by
Cupersmith, dated and recorded in 1906. A scire facias
was issued on the mortgage on October 28, 1909, in Com-
mon Pleas No. 5 of Philadelphia County, and a judg-
ment was entered thereon on November 23, 1909. On
this judgment a levari facias was issued on which the
property was sold at sheriff's sale on January 5, 1910,
to E. B. Colby to whom the sheriff acknowledged and
delivered a deed on January 17, 1910. The appellee
issued a scire facias on his mechanics' claim on January
5, 1910. An affidavit of defense was filed by Kirkland
who had become an intervening party defendant. A
replication was filed by the plaintiff and the issue thus
made was brought to trial on May 7, 1912. The trial
court directed a verdict for the plaintiff and subse-
quently refused judgment for the defendant non ob-
stante veredicto. Kirkland has taken this appeal.

The appellant contends that the mechanics' lien was
discharged by the sheriff's sale under the prior mort-
gage, and that thereafter the plaintiff had no right to

proceed with the scire facias but could look only to the proceeds of the sheriff's sale for payment of his claim. The appellee maintains that the appellant is bound by the issue he raised on the merits of the case, that he was estopped from questioning the jurisdiction of the court at the trial of the cause, and that the issue raised by the pleadings was not destroyed by the sheriff's sale.

The learned court below misapprehended the legal principles applicable to the facts of the case. It does not need the citation of authorities to sustain the proposition, settled by all our decisions on the subject, that in this State a mechanics' lien is discharged by a judicial sale of the real estate bound by the lien. It is equally well settled and in harmony with all our cases that the purchaser at such sale takes the property discharged of the lien, and that the claimant is remitted to the fund produced by the sale for satisfaction of his claim. In the present case, as will be observed, the liened premises were sold January 5, 1910, the date of issuing the scire facias on the mechanics' claim, on a mortgage antedating the mechanics' lien, and it follows that the lien was divested and the claimant's right to pursue the premises in satisfaction of his claim was gone.

It is, however, contended by the appellee that the issue raised by the pleadings was not destroyed by the sheriff's sale on the mortgage and that he could proceed to judgment on the scire facias issued on his claim. But this contention has neither principle nor precedent to support it. A mechanics' lien is created by statute to enable those furnishing labor or materials to enforce their claim against the building and its curtilage. A scire facias on the claim is not a personal action so that a judgment thereon may be enforced personally against the owner of the premises. It is a proceeding distinctly in rem, and its sole purpose is to compel payment of the claim out of the res or property liened. The writ is one of the steps in the procedure to enforce payment of the claim by subjecting the building and curtilage to sale.

Where there is no lien or the lien has been divested, a scire facias will not lie, and as the right to maintain the writ depends upon a subsisting lien when, for any reason, the lien falls, the right to enforce it by scire facias falls with it. This may occur at any time subsequent to the creation of the lien and when it does the proceeding is arrested.

The authorities fully sustain our conclusion. Anshutz v. McClelland, 5 Watts 487, was a scire facias sur mechanics' lien. The trial occurred after a judicial sale of the property, and the defendants contended there could be no recovery on the ground that the proceeding was in rem, and the sale divested the lien. In sustaining this contention it was said by KENNEDY, J., delivering the opinion, that the sale divested the lien, that the proceeding by scire facias is in rem, "and, therefore, it is only to be sustained, upon the ground that the claim is a lien upon the house; so that the moment the claim ceases to be a lien, the right of the party to proceed by or maintain a writ of scire facias ceases also." It was further said by the learned justice: "It is a total misapprehension of the real object of suing out the scire facias, to suppose that such was the design of authorizing either the impetration or the prosecution of it; because, as has been shown, it cannot be sustained, if the claim or debt mentioned in it never was a lien, or that, though once a lien, it has ceased to exist. The only object of the scire facias, is to have execution against the building; but if that cannot be had, then the great object of the writ is gone; the ascertainment of the amount of the debt, for which the plaintiff in the scire facias claims to have execution against the building, is only incidental and preliminary to the award of execution, in order that the amount of the money to be levied may be rendered certain and known." In Williams v. Controllers, 18 Pa. 275, it was held that a mechanics' lien could not be filed against a public school house, and in sustaining a judgment for the defendant on a scire

facias, it was said that "where there can be no execution, there can be no action." In Lieb v. Bean, 1 Ashmead 207, the premises were sold on a judgment on a prior mortgage after the filing of the mechanics' claim. On the trial of the scire facias issued on the claim it was held that the lien was extinguished, KING, P. J., saying: "The writ of scire facias upon a claim, is a proceeding strictly in rem; its valid existence depends on the fact of a subsisting lien, to realize which, is the object of the writ and the fruit of it. But, the lien having been divested and extinguished by the sale of the property by the sheriff, to which it attached, there is nothing to support the proceeding upon, and the plaintiff cannot recover in this form of action."

It is true, as suggested by appellee's counsel, that the cases cited above were decided under legislation prior to the Act of 1901, but there is nothing in the latter act that conflicts with those decisions. The principle there announced is applicable under any mechanics' lien law unless the statute provides otherwise.

There is no force in the argument that the claimant has the right to proceed to judgment on the scire facias for the purpose of having the amount of his claim ascertained. That is not the purpose of the writ. If no execution can issue on a judgment on the scire facias by reason of the non-existence of the lien, there is no reason for determining in the proceeding the sum due the claimant. We have distinctly ruled that the claimant is not entitled to proceed to judgment on the scire facias to determine the amount of his claim: Anshutz v. McClelland, 5 Watts 487. When the lien is divested by a judicial sale, the claimant must resort for payment to the fund produced by the sale. His lien follows the fund, and is payable out of it. If the sale takes place before the expiration of the time allowed for filing of liens, the claim may be made upon the fund without filing a lien: Yearsley v. Flanigen, 22 Pa. 489. The claimant must, however, establish before the auditor his

right to priority of lien and payment out of the fund, as he would be required to do on trial in court on the scire facias on the lien in order to entitle him to a judgment there: Andrews v. Fishing Creek Lumber Company, 161 Pa. 204; Safe Deposit & Trust Company v. Iron and Steel Company, 176 Pa. 536. The mechanics' lien Act of June 4, 1901, P. L. 431, makes provision for resort to the fund by a lien claimant where the premises have been sold under legal process and the fund is in court for distribution. Section 56 of the act declares: "In every distribution hereafter made under legal proceedings in any court, if any portion of the funds for distribution shall have been realized because of labor or materials furnished to any structure or other improvement by the party whose estate is to be distributed, any distributee claiming for labor done or labor or materials furnished to such structure or other improvement shall be entitled to priority against the portion of the fund thus realized."

We see no force in the contention of the appellee that the appellant was prevented by his pleadings from objecting on the trial to further proceedings on the scire facias. Conceding for the moment that on the merits of the case he would have been confined in his defense to the averments of his affidavit, he could raise at any time the right of the court to adjudicate the cause. He might and possibly should have raised the question earlier, but it was not too late at the trial.

The judgment of the court below is reversed, and judgment is now entered for the defendant non obstante veredicto, without prejudice to the right of the plaintiff to present and prosecute his claim against the proceeds of the sale of the real estate against which the lien was filed.