IN RE PETITION OF CLARA J. WILLIAMS, TO DRAW MONEY OUT OF COURT.

1.  MORTGAGES—FORECLOSURE—SURPLUS—PERSONS ENTITLED TO SURPLUS.

Money received by a sheriff under execution process must be distributed by him to the legal claimants according to their priorities, and where the money is paid into the Superior Court, as is permitted by *Rev. Code* 1852, amended to 1893, *p*. 259, *c*. 32, § 3, where several persons claim such money, it must be so distributed by that court, and equitable claims cannot be brought under the cognizance of such court; and hence where the surplus in a foreclosure proceeding was paid into the Superior Court, and was claimed by the mortgagor's wife under a deed directly from her husband, the deed could not be given effect by the Superior Court, its effectiveness being peculiarly a question for the Court of Chancery.

2.  HUSBAND AND WIFE—DISABILITIES OF COVERTURE—CONVEYANCES BY HUSBAND TO WIFE.

At common law, husband and wife are so nearly one that the husband cannot directly convey the legal title in land to his wife; but equity may uphold such a conveyance, after considering the motives, purposes, and good faith of the husband.

26

3.  MORTGAGES—FORECLOSURE—DISPOSITION OF SURPLUS—PROCEEDINGS
FOR DISTRIBUTION.

Where the surplus in a foreclosure proceeding was paid into the Superior
Court, instead of the Court of Chancery, and equities therein were claimed
by different parties, the distribution should be postponed until such equities
had been presented to and adjudged by the Chancellor.

(*October* 21, 1913.)

Judges BOYCE and RICE sitting.

*Robert G. Houston* and *Charles W. Cullen* for petitioner.

*Daniel J. Layton, Jr.*, and *James M. Tunnell* for another claimant.

Superior Court, Sussex County, October Term, 1913.

Petition to draw money out of court.

In a foreclosure proceeding the sheriff paid the surplus proceeds into court, and Clara J. Williams petitions for the payment thereof to her. On motion to dismiss the petition on the grounds that petitioner is not a legal claimant, and that the Superior Court is without jurisdiction. Petition and motion continued.

Under *Chapter 32, Section 3, Revised Code* 1852, amended to 1893, *p.* 259, in behalf of a sheriff where several persons claim the proceeds of a sale, under execution process, the then sheriff of Sussex County was permitted, upon his petition, at the October term, 1912, to bring into the Superior Court the surplus proceeds of the sale of certain real estate, sold by him under foreclosure proceedings of a certain mortgage thereon, executed by William L. W. Williams and Clara J., his wife, in the year 1908.

Williams died intestate in the year 1912, before the sale, leaving to survive him his said wife and one child, Mary C. Betts, by a former marriage, as his only heirs at law.

The said Clara J. Williams presented a petition to said court, at the said October term, 1912, to draw said proceeds out of court, representing therein that her said deceased husband did, in his lifetime, on or about the twenty-second day of January, A. D. 1884, convey to her, by his deed or bargain and sale, the lands so sold by the sheriff, in consideration of the sum of seven hundred dollars; that the conveyance was made in confirmation of an agreement entered into some years previous thereto between

her and her husband to the effect that if the petitioner would sell a farm then owned by her, and use the proceeds thereof to pay the debts then existing against her husband, he, in consideration thereof, would convey to her by a good and sufficient deed all his right and estate in the said lands so sold by the said sheriff; and that by virtue of said deed, the petitioner alleges that she became entitled to any proceeds arising from the sheriff's sale over and above the amount sufficient to satisfy the mortgage. The petition has been continued to the present term of court. The mortgage under which the sale was made, appears to be the only lien against the lands so sold.

It does not appear from the petition of the sheriff to pay the money into court that the character of the petitioner's claim upon the fund was disclosed.

Counsel for the said Mary C. Betts appeared, by leave of the court, without filing any petition for the fund in court, and moved to dismiss the petition on the ground that the deed from Williams directly to his wife, the petitioner, did not convey a legal estate to her, and that her claim upon the fund, if any, is purely equitable and not cognizable by the Superior Court. For the petitioner, it was contended that the Superior Court will exercise equitable powers in the distribution of moneys paid into court under the statute.

Boyce, J., after stating the facts above, delivered the opinion of the court:

[1] The petitioner bases her claim to the surplus proceeds in court upon the deed of conveyance from her husband made directly to her of the lands sold by the sheriff under foreclosure proceedings. It is conceded that the conveyance so made passed only an equitable estate or interest in the lands to the wife, leaving the legal title therein in the husband; but the contention is made that this court will distribute the fund, it being in court, although it may require the exercise of equity jurisdiction to do so, under the power and authority of *Chapter* 92, *Section* 2, *Revised Code* 1852, amended to 1893, *p.* 697. Counsel for the only child of the deceased resist the contention so made for the reason that

the deed relied upon by the petitioner is void at law, and they insist that the proceeds in court, upon proper petition, should be ordered paid to the legal representative of deceased, to be disposed of according to the statute of distribution.

Money raised by a sheriff under execution process must be disposed of by him according to law; that is, he must distribute the fund to and among *legal* claimants according to priorities. In case of conflict of rights among such claimants, the sheriff may bring the whole, or part, of the fund into this court, under the statute, as provided by *Section* 4, *Rule* 7, of this court, to be administered by the court to and among the several claimants legally entitled thereto.

[2]   The question presented by the petition, as well as by the motion to dismiss, goes to the jurisdiction of this court to hear and determine the subject matter of the claimants.  ·Unquestionably, at common law the husband and wife are so nearly one that the husband cannot directly convey the legal title in lands to his wife, but equity may uphold such a conveyance, after considering the motives, purposes and good faith of the husband.  And while the conveyance relied upon by the petitioner is not of itself valid at law, and this court is without authority to give it effect, equity, considering all the circumstances, may do so.  The question of the effectiveness of the deed is peculiarly one for the Court of Chancery and not for this court.

In *Smith v. Simmons, et al.*, 2 *Penn.* 465, 46 *Atl.* 746, it was held that the duty was upon the sheriff to distribute the proceeds of a sale made by him to and among the parties *legally* entitled thereto.

In *Gemmill v. Richardson et al.*, 4 *Del. Ch.* 599, it was held that it is not a sheriff's duty in applying the proceeds of an execution at law to take cognizance of equities affecting the fund; that the proceeds, while in his hands, are a purely legal fund, being raised under the process of a court of law; that the sheriff, as an officer of such court, acts upon the same principle which would govern the court in administering the funds, and is bound to apply the money as the court from which the process issued would itself do; that the statute which authorizes the sheriff, in

the case of conflicting claims upon the proceeds of an execution at law, to take the money into the Superior Court, conclusively demonstrates that his responsibility is only to legal claimants such as the court recognizes; and that equitable claims cannot be brought under the cognizance of the Superior Court.

Reference is also made to 2 *Woolley, Del. Prac.* Secs. 1068 and 1081.

It is obvious that the claimants in this case are not legal claimants within contemplation of the statute, and that the said proceeds were, at least, inadvertently paid into this court instead of the Court of Chancery upon proper proceedings before the Chancellor for his order directing the sheriff to pay the same into his court.

[3] We should not, in a case like this, take cognizance of the equities affecting the fund in question, notwithstanding it is now in this court, and undertake to make distribution. The sheriff is out of office and we will not annul the order permitting him to pay the money into court, but we will postpone further consideration of the petition and motion to dismiss until the main question shall have been presented to and adjudged by the Chancellor.

If the question raised should not be presented to the Chancellor before the next term of this court, we would entertain a petition to draw the fund out of court by the legal representative of the deceased.

The petition and motion to dismiss are continued to the next term of court.