## Trustees of Roman Catholic High School *v.* McCann.

*Mechanics' liens—Time for filing lien—Act of June 4, 1901, P. L. 431, Section 10—Mortgages—Sheriff's sale under foreclosure—Divestiture of mechanics' lien.*

1. A mechanics' lien may be filed more than six months after the furnishing of the last labor of materials for the construction of a building where it appears that at the time of filing the building had not been completed under the contract, that the work on the building had been stopped at the instance of the owner, with the consent of the contractor, solely because of the financial condition of the former, and that it was the intention of the parties at that time and at the time the lien was filed, to complete the work under the contract when the owner was able to furnish the necessary funds. Under section 10 of the Act of June 4, 1901, P. L. 431, limiting the time for the filing of a mechanics' lien, the six months' period after which no lien can be filed begins to run from the date of the completion of the building under the contract.

2. The foreclosure of a first mortgage and the sale of the mortgaged premises by the sheriff divests a junior mechanics' lien and operates to arrest a proceeding brought thereon to reduce the lien to judgment. Such proceeding if continued is irregular and voidable and may be successfully defended by setting up the sale by the sheriff of the liened premises.

Rosenberg v. Cupersmith, 240 Pa. 162, followed.

*Mortgages—Mechanics' liens—Priority—Evidence—Court records—Res adjudicata.*

3. In a proceeding before an auditor to determine whether a mechanics' lien claimant or a second mortgagee was entitled to priority of payment in the distribution of the balance of a fund arising from the sale of the liened premises, on foreclosure of the first mortgage, which had been paid in full, it appeared that the second mortgage had been recorded March 11, 1908; that the mechanics' lien had been filed July 17, 1908; that the last work on the building had been done September 5, 1907; that a writ of scire facias had been issued on the mechanics' lien before the first mortgage was foreclosed, which action was pending when the premises were sold by the sheriff; that thereafter on the trial of such action a judgment was entered on a verdict for plaintiff; and that though the defendant had appealed, the appeal had been non prossed before the proceedings before the auditor were instituted. The auditor admitted in evidence, the record in the scire facias proceeding to show the amount due the claimant on the lien and to establish his right to file a lien. Other evidence was offered by the mechanics' lien claimant in support of his claim. The auditor found that work on the building was temporarily suspended by the contractor in September, 1907, because of the financial embarrassment of the owner; that it was the intention of both parties to resume work as soon as conditions warranted it; that the failure of the contractor to complete the building was due to the default of the owner; that the officers of the second mortgagee knew that the contract had not been completed, and should have known that a lien for work done or material furnished might be filed, and that such lien would relate back to the commencement of the building. The auditor decided that the mechanics' lien claimant was entitled to priority of payment in the distribution of the fund. The lower court dismissed exceptions to the auditor's report. No exception had been taken to the admission in evidence of the record in the scire facias proceeding and there was no assignment of error raising the question of the admissibility of such evidence. *Held,* that the question of the admissibility in evidence of the record could not be raised in the Supreme Court, and that the lower court did not err in sustaining the report of the auditor.

Argued March 26, 1914. Appeal, No. 29, January Term, 1914, by Delaware Storage & Freezing Co., from decree of C. P. No. 2, Philadelphia County, June Term, 1908, No. 3855, dismissing exceptions to auditor's re-

port in case of trustees of the Roman Catholic High
School of Philadelphia v. Charles F. McCann and Joseph
A. McCann, Mortgagors; McCann Brothers Ice Com-
pany, Real Owners; Delaware Storage and Freezing
Company, Second Mortgagee; Edward Fay & Sons, Me-
chanic's Lienor.  Before FELL, C. J., MESTREZAT, POTTER,
ELKIN and MOSCHZISKER, JJ.  Affirmed.

Scire facias sur mortgage.

Exceptions to report of Michael F. McCullen, Esq.,
auditor.  Before SULZBERGER, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions.  The Delaware
Storage & Freezing Company appealed.

*Errors assigned* were in dismissing the exceptions.

*C. S. Wesley,* of *Tustin & Wesley,* for appellant.

*Julius C. Levi,* for appellee.

OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

This is a controversy between a second mortgage credi-
tor and a mechanics' lien claimant.  The fund for dis-
tribution is the balance of the proceeds arising from the
sale of the liened premises on the foreclosure of the first
mortgage, which was paid in full.  The first mortgage
was foreclosed and the premises sold by the sheriff Feb-
ruary 1, 1909.  This sale divested all liens, including that
of appellee for labor and materials furnished in the erec-
tion of the building, and all lien creditors were remitted
to the fund realized in the foreclosure proceedings:
Rosenberg v. Cupersmith, 240 Pa. 162.  At the time of
the foreclosure of the first mortgage the record showed
a second mortgage due appellant and the mechanics' lien
which forms the subject matter of this litigation.  The
second mortgage was recorded March 11, 1908, and the
mechanics' lien was filed July 17, 1908, the former

antedating the latter a little over four months. The fund for distribution is $7,698.69, which after deducting costs and expenses leaves a balance of $6,805.81, a sum insufficient to pay either the second mortgage or the mechanics' lien in full. The lien creditor entitled to priority takes the entire fund, and hence the importance of determining the question of priority as between the second mortgagee and the mechanics' lien claimant. On the face of the record the second mortgage has priority, but the contention is that the mechanics' lien represents labor and materials furnished prior to the recording of the mortgage, and this being the fact, the lien relates back to the commencement of work on the building, which antedated the second mortgage. No doubt this is the general rule and it has been so held in many cases by this court. Chief Justice SHARSWOOD, in Reading v. Hopson, 90 Pa. 494, said: "If when he (the mortgagee) takes his mortgage a building is commenced, he knows or ought to know that the liens of mechanics and material men for work done or materials furnished subsequently will relate back to the commencement of the building." This rule has never been questioned in our State when the facts warrant its application. But when the lien is filed after the recording of the mortgage, the burden is on the lienor to prove the facts necessary to give his lien priority. In the present case the lienor assumed this burden before the auditor who decided the questions of fact and of law in his favor. It is very earnestly and ably contended for appellant that the evidence was not sufficient to warrant the findings; that the time for filing the lien had expired before the second mortgage was recorded; and that there was no statutory right to file the lien after March 5, 1908, being six months from the date when the last substantial work was done on the building, September 5, 1907, and two days before the second mortgage was executed and six days before it was recorded. Some facts must be recited to give an intelligent understanding of the questions raised by ap-

pellant. A scire facias proceeding was instituted to reduce the lien to judgment before the first mortgage was foreclosed, and this proceeding was pending when the premises were sold by the sheriff, but after the sale there was a jury trial and a verdict in favor of the lien claimant. At the trial on the scire facias every question of fact raised here was submitted to the jury, and likewise all questions of law insisted upon as a defense now were raised and decided by the court. Judgment was entered upon the verdict and an appeal was taken to this court. The appeal was subsequently non prossed and that record shows a judgment regular on its face for the amount claimed before the auditor in the present case. The record in the scire facias proceeding, including the judgment entered thereon, was offered and admitted in evidence at the hearing before the auditor for two purposes primarily: (1) To show the amount due claimant on the lien; and (2) as establishing the right to file the lien. Learned counsel for appellant strongly urged that this record was inadmissible as evidence and insufficient to warrant the findings of the auditor. The difficulty with this contention is that no exception was taken to the admission of this record in evidence and there is no assignment of error raising the question. We must therefore accept the record as we find it and cannot disregard the evidence thus introduced and not challenged in such manner as to give this court the right of review. But accepting the record as it is, there still remains for decision, what effect is to be given the judgment entered on the scire facias. The lien claimant successfully contended before the auditor that it was res adjudicata as to all questions involving the validity of the lien and that it could not be attacked collaterally in a proceeding to distribute the fund arising from the sale of the premises. Appellant, on the other hand, contends that the proceedings on the scire facias, including the jury trial, was not only irregular but absolutely void, because the foreclosure of the first mortgage and the sale by the sheriff

divested the lien and arrested the proceeding to reduce it to judgment. That the proceeding was irregular and voidable must be conceded, and that the sale by the sheriff of the liened premises could have been set up as a complete defense to the scire facias cannot now be questioned. It was so decided in Rosenburg v. Cupersmith, 240 Pa. 162, above cited, upon reasons sound and convincing, and the authority of that case will not be disturbed. But in the present case no such defense was made in the scire facias proceeding and the case went to trial upon the amount of the lien and the right to file it under the facts and circumstances. These questions were decided in favor of the lienor by the court and jury, and that record remains unimpeached. We are not prepared to say that the judgment entered on that record is conclusive against all the world, and that it must be deemed a final adjudication of all matters that could have been raised as a defense in that proceeding. In other words that it was res adjudicata in the broadest legal signification. For the purposes of the present case it is not necessary to go so far, and we do not do so. What we do decide is that the record having been offered, and no exception taken to its admission, it is in evidence, and taken in connection with the other testimony introduced at the hearings, it is sufficient to warrant all the material findings of the auditor. The auditor found in substance that the building was not completed when the work was suspended or even when the lien was filed; that the work was temporarily suspended in September, 1907, at the instance of the owner and by consent of the contractor because of the financial embarrassment of the former; that it was the intention of both parties to resume work on the building as soon as conditions warranted it; that the building was not completed in accordance with the terms of the original contract, not because of any default on the part of the contractor, but by reason of the inability of the owner to provide the necessary funds to complete the work; that it was the inten-

tion of both owner and contractor to have the building completed as provided in the original contract; and that this was the situation when the lien was entered. The evidence was sufficient to warrant these findings of fact. Section 10 of the Act of June 4, 1901, P. L. 431, limits the time for filing the lien to six months from the completion of the building under the contract, and we think under the facts disclosed by the testimony, and especially in view of the finding of the jury in the scire facias proceeding, the facts have been established to show that the lien was filed within the statutory period. The auditor so held and we feel bound by the conclusion. It is argued that the Act of 1901 changed the old rule and limited the time for filing the lien to a period not exceeding six months from the time the last labor or materials were furnished without regard to whether the contract was completed or not. We do not so read or understand the act, and cannot agree that anything in its provisions changes the statutory limitation in this respect, or alters the conditions affecting the time when the limitation begins to run.

The auditor further found as a fact that appellant through its proper officers had frequently visited the building before taking the second mortgage, saw its unfinished condition and thus had notice that the contract had not been completed, and knew or should have known that a lien for work done or materials furnished might be filed, and if so, it would relate back to the commencement of the building. Under such circumstances a valid lien subsequently filed would have priority over the mortgage, and this was the conclusion reached by the auditor.

While the case is not free from difficulties, our conclusion is that upon the whole record no reversible error has been pointed out. The case is controlled by its own facts and is not intended to announce any rule of general application.

Judgment affirmed.