IN RE REPUBLIC ENGINEERING COMPANY.

(*May* 4, 1925.)

PENNEWILL, C. J., HARRINGTON and RICHARDS, J. J., sitting.

*Daniel J. Layton* for Annanias J. Lowe, *James M. Tunnel* for Marshal-Gough & Co. and the Thorogood Co. (a corporation of the State of Delaware).

*Frank M. Jones* for Joseph Fred Hudson, Denard F. Quillen and Joseph Kunsman. *John M. Richardson* for William T. Tappan.

Superior Court for Sussex County, April Term, 1925.

HARRINGTON, J., delivering the opinion of the Court:

The mechanic's lien judgments of Marshall-Gough & Company and of Annanias J. Lowe were both rendered before the lands of the Republic Engineering Company and the improvements thereon were sold; there is, therefore, no doubt about their participating in the proceeds of such sale.

The petitions filed, however, raise two questions: (1) whether the mechanic's lien claims of Joseph Kunsman and of the Thorogood Company, in both of which proceedings were started before November 29, 1924, the day of the sale, though judgments on such proceedings were not rendered until after that date, shall partici-

pate in the proceeds of such sale; (2) whether the mechanic's lien judgments of Joseph Fred Hudson, Denard F. Quillen and William T. Tappan, in all of which judgments were not only rendered but proceedings, also, started after the sale, shall participate in the proceeds of such sale.

The writ on which the property was sold was returnable to the February term, 1925; the sale made thereunder was confirmed at that term and the mechanic's lien claims of the Thorogood Company, Joseph Kunsman, Joseph Fred Hudson, Denard F. Quillen and William T. Tappan were reduced to judgment at the same term.

Whether any of the fund in question is applicable to these judgments, and if so to which of them, depends upon the construction of the mechanic's lien statute.

*Chapter 225, vol. 29, Laws of Delaware,* which is substituted for *Sections* 2843 and 2844, *Rev. Code* 1915, provides that:

"Any person or persons having performed or furnished work and labor or material, or both, to an amount exceeding twenty-five dollars in or for the erection, alteration, or repair of any house, building, or structure," may by taking certain steps obtain a "lien upon such building, house, or structure, and upon the ground upon which the same may be situated, or erected, subject, however, to the following restrictions, limitations and qualifications, that is to say: That no contractor who shall have contracted for the erection of any building, house, or structure, in whole or in part, or for the repair or alteration of the same, and for the furnishing of the whole or any part of the materials therefor, shall be allowed to file any statement of his claim, as is hereinafter provided, until after the expiration of ninety days from the completion of such building, house, or structure so contracted for by him; but such contractor, in order to avail himself of the benefits of *Sections* 1 to 7, inclusive, of this chapter, shall file his statement in the manner hereinafter provided within thirty days after the expiration of the ninety days aforesaid, and all other persons embraced within the provisions of said sections, and entitled to avail themselves of the liens herein provided for, shall file a statement of their respective claims, in the manner hereinafter designated, within ninety days from the completion of the work and labor performed or from the last delivery of materials furnished by them respectively."

It also provides:

"Any judgment obtained upon such claim, as hereinafter provided, shall become a lien upon such building, house or structure, and upon the ground upon which the same is situated, erected or constructed, and shall relate back to the day upon which said work and labor was begun, or the furnishing of said material was commenced."

It further provides:

"If the proceeds received from any sale under such writ of *levari facias* shall not be sufficient to pay in full all liens, such proceeds shall be ratably divided among the persons who shall have availed themselves of the provisions of this act without priority or preference of one year over the other."

■ That this statute provides for the procuring of a lien by the persons furnishing labor or materials, or both, is clear. *In re Elder*, 3 *W. W. Harr.* (33 *Del.*) 11, 129 *A.* 510.

■ That it contemplates a proceeding in *rem* , also seems clear. *Rosenberg v. Cupersmith*, 240 *Pa.* 162, 87 *A.* 570, 47 *L. R. A.* (*N. S.*) 706, *Ann. Cas.* 1915*A*, 312.

While certain changes in this statute were made in 1919 by *Chapter* 194 of *Volume* 30, *Laws of Delaware*, none of the provisions above quoted were affected by that act.

■ The solution of the question before us, therefore, depends upon which of the judgments constituted liens, within the meaning of the statute, against the property sold from the Republic Engineering Company. That judgments procured in ordinary proceedings would not constitute liens on property sold under process returnable to the term at which they were procured and that by reason of that fact such judgments would not participate in the distribution of the proceeds of the sale of such property is clear. *Robinson v. Robinson*, 3 *Harr.* 391; *Woolley on Del. Pr.*, §§ 1138, 1142.

But the question is whether the mechanic's lien statute requires a different construction with respect to judgments procured under its provisions. It is true that all of the plaintiffs in the mechanic's lien judgments have availed themselves of the provisions of the statute in procuring judgment and it is conceded that they all started proceedings at the earliest possible date permitted by such statute.

■ A mechanic's lien proceeding is purely a statutory proceeding unknown to the common law. While the provisions of the statute may be liberally construed with respect to the application of moneys under it, after it has been held that a lien has attached, it must, however, be strictly construed with respect to the question whether a lien has attached. *Jones on Liens*, §§ 1554, 1555,

and 1556; *Heitz v. Sayers*, 1 *W. W. Harr.* (31 *Del.*) 221, 113 *A.* 901; *McCartney, Kenney & Co. v. Buck*, 8 *Houst.* 34, 12 *A.* 717.

This is a familiar principle of statutory construction. *Heitz v. Sayers*, 2 *W. W. Harr.* (32 *Del.*)207, 121 *A.* 225.

While judgments in favor of the Thorogood Company and in favor of Joseph Kunsman were not rendered until after the mechanic's lien sale, proceedings on these claims were started before such sale took place by filing the statutory statement, among other things, specifically describing the property on which they sought to secure a lien.

It must be remembered that the statute (*Chapter* 225, *vol.* 29, *Laws of Delaware*) provides:

"Any judgment obtained * * * shall become a lien * * * and shall relate back to the day upon which such work and labor was begun, or the furnishing of such material was commenced."

It appears from the facts that materials were first furnished by the Thorogood Company June 5, 1924, and that labor was first performed and materials furnished by Joseph Kunsman June 16, 1924, both of which dates precede the sale.

By virtue of the express provisions of the particular statute involved, the liens of these judgments, therefore, related back to those dates and such judgments will participate ratably with the judgments of Marshall-Gough & Co. and Annanias J. Lowe in the distribution of the proceeds arising from the property sold. See *Armstrong & Latta Co. v. Wilmington Sugar Refining Co.*, 2 *W. W. Harr.* (32 *Del.*)125, 120 *A.* 94.

It is true that this court can only administer legal rights under this statute but such a conclusion seems within both the spirit and the letter of the statute.

Whether the other judgments can participate in the fund to be distributed is, however, another question.

In analogy to the well established rule requiring a widow entitled, in equity, to dower in the surplus proceeds arising from the sale of real estate on a mortgage, to enforce such rights in the Court of Chancery before the fund has been distributed by a court of law (*Gemmill v. Richardson*, 4 *Del. Ch.* 599; *In re Williams*, 4 *Boyce*

401, 88 *A*. 716; 2 *Woolley on Del. Prac.*, § 1143), it is argued that the sale in this case could have been restrained by that court until the claims of Joseph Fred Hudson, Denard F. Quillen and William T. Tappan could have been properly filed in this court and their rights thus protected. A widow under such circumstances, while not having a legal right, would have an equitable interest in the surplus proceeds arising from such sale; whether a mechanic's lien statute, giving a right to procure a lien under certain conditions provided for by the statute would even give an equity, is, however, subject to serious question.

■ However that may be, the judgments of Joseph F. Kunsman, Denard F. Quillen and William T. Tappan cannot participate in the fund in controversy, as no proceedings were started in any of these cases until after the property had been sold.

In *Rosenberg v. Cupersmith*, 240 *Pa*. 162, 167, 87 *A*. 570, 571 (47 *L. R. A.* [*N. S.*] 706, *Ann. Cas.* 1915*A*, 312), the court, with respect to a similar claim, said:

"If the sale takes place before the expiration of the time allowed for filing of liens, the claim may be made upon the fund without filing a lien."

See, also, *Yearsley v. Flanigen*, 22 *Pa*. 489.

This statement is, however, based on a statutory provision, which does not appear in our statute. That such a provision appears in the Pennsylvania statute seems significant.

When the proceedings which resulted in procuring the judgments of Hudson, Quillen and Tappan were started, the property of the Republic Engineering Company had already been sold by the sheriff and under any reasonable construction of the statute there was nothing to which a lien could attach by relation back.

Our conclusion, therefore, is that the fund in question must be ratably applied to the mechanic's lien judgment of Marshall-Gough & Co., Annanias J. Lowe, the Thorogood Company and Joseph Kunsman, and that the remaining mechanic's lien judgments against the Republic Engineering Company can take no share in such fund.

We regret the necessity for this conclusion but the remedy lies with the Legislature and not with the courts.

With respect to the judgment of William T. Tappan, it is also contended that the affidavit attached to the claim filed is defective (1 *W. W. Harr.* (31 *Del.*) 221, 113 *A.* 901); it was further contended that the *sci. fa.* was issued within ten days before the term to which it was returnable, and that judgment was rendered before the last day of the term, both of which are also in violation of the express provisions of the statute.

The same contentions, except as to the sufficiency of the affidavit, are also made with respect to the judgments of Hudson and Quillen. By reason of the conclusions above reached by us, it is unnecessary for us to consider whether these questions can be raised by any persons other than the defendants in such judgments.