## Houseworth v. Weyant et al.

*Reiley & Reiley,* for plaintiff.

*E. W. Van Horn, Jr.,* for defendants.

WRIGHT, P. J., October 27, 1950.—We are here passing upon a rule to show cause why a mechanics' lien should not be stricken from the record. Petitioners assert that: (1) The claim was not filed within six months from the date the last materials were furnished; (2) while notice of the filing of the claim was served and an affidavit of such service was filed, a copy of the notice was not filed. We also have before us a rule to amend the sheriff's return by attaching thereto a copy of the notice. We will discuss these two contentions in reverse order.

1. Section 21 of the Mechanics' Lien Act of June 4, 1901, P. L. 431, provides that within one month after filing the claim claimant shall serve notice of that fact upon the owner and shall file of record an affidavit setting forth the fact and manner of such service. Whether or not claimant is required to file a copy of the notice with the affidavit, it is proper practice to do so. However, section 51 of the Mechanics' Lien Act expressly provides that any paper filed of record may be amended by leave of court, and the court has ample power without statutory authority: Christ et al. v. Dubosky, 261 Pa. 297. The rule to amend will therefore be, and hereby is, made absolute.

2. Section 10 of the Mechanics' Lien Act provides that the claim must be filed within six months after the contract is completed. Where there has been a continuous furnishing of materials on different dates, the filing of a single claim is permitted (section 12) within six months from the last date. Claimant's position in this case is that there was an oral contract to furnish

materials for a dwelling house and that after some materials were furnished, the contract was not completed because the owner failed to request delivery of the balance. The lien was filed promptly after the owner conveyed the unfinished premises, but more than six months from the last date materials were furnished. Principal reliance is placed upon Trustees of Roman Catholic High School v. McCann, 246 Pa. 28. That decision was expressly not intended to announce a doctrine of general application. We think it better policy to adhere strictly to the six-month rule. If there is an exception where work has been suspended by mutual agreement, see Dahlhausen v. Deichelmann, 69 D. & C. 459, claimant has not pleaded such a situation.

### Decree

Now, October 27, 1950, the rule to strike off the mechanics' lien is made absolute, and the mechanics' lien is stricken from the record.