## Johnlaeden v. OMAT I REO Holdings, LLC

236

*Michael Johnlaeden*, pro se appellant.

*Michael James Lyon, Jr.*, for appellees Omat I Reo, Ocwen Financial Corp.

*Gregory Javardian*, for appellee CR Capital Group.

CEISLER, *J.*, September 5, 2013—

## I. FACTS AND PROCEDURAL HISTORY

The plaintiff-appellant Michael Johnlaeden (hereinafter

"appellant") appeals this court's order of July 18, 2013 that sustained defendant/appellee CR Capital Group LLC's (hereinafter "appellee" or "CR Capital") preliminary objections and dismissed appellant's complaint against appellee with prejudice.

The convoluted procedural history of this case is as follows: On December 8, 1998, Zannie and Ida May Williams obtained a mortgage for a house at 4630 Fernhill Road, Philadelphia with Home American Credit, Inc. d/b/a Upland Mortgage; defendants' preliminary objections to plaintiff's first amended complaint, ex. A.[1] This mortgage was assigned to Deutsche Bank as trustee for Ocwen Financial Corporation (hereinafter "Ocwen") in September 2009.[2] Defendants' preliminary objections, ¶5. On December 15, 2009, Deutsche Bank filed a complaint in mortgage foreclosure against the Williams for defaulting on their mortgage. (hereinafter "the foreclosure action"). On February 28, 2011, a default judgment in favor of Deutsche Bank was entered against the Williams. *Id.* at ¶¶5-6.

On June 7, 2011, appellant, under his "alter-ego" the Wampum Collective Fund, allegedly purchased the property from Zannie Williams for $4000. According to the Appellant, Zannie Williams granted him the deed to the property and documents acknowledging a mechanic's lien and security agreement. First amended complaint for mechanic lien enforcement, ¶6-10 (hereinafter "first amended complaint"). Appellant alleged that work done

1. Defendants OMAT I REO Holdings, LLC and Ocwen Financial Corporation filed preliminary objections together, while defendant CR Capital Group, LLC filed separate preliminary objections. Hereinafter, defendants' preliminary objections refers to those preliminary objections filed by OMAT I REO Holdings, LLC and Ocwen Financial Corporation.

2. Appellant repeatedly refers to Ocwen as Ocwen Financial Corporation, however, Ocwen asserts that its proper name is Ocwen Loan Servicing, LLC. Defendants' preliminary objections.

to the 4630 Fernhill Rd., by appellant and other occupants of the premises, began in November 2011 and included gutting the entire interior of the house to make it habitable. First amended complaint, ¶14-16. The mechanic's lien itself has several serious defects, not the least of which is the fact that that a lien cannot by law take effect until a contractor has commenced improvement work. *See* 49 P.S. §1508. By appellant's own pleadings, he admits that he had already been the owner of the property for several months by the time the lien took hold. However, defendants did not raise the issue of defects in appellant's mechanic's lien itself.

On September 15, 2011, appellant filed a motion to intervene in the foreclosure proceedings between Deutsche Bank and the Williams alleging that Wampum Collective Fund controlled the property. On September 19, 2011, appellant then filed a motion to strike the judgment. Defendants' preliminary objections, ex. B. After a hearing, Common Pleas Court Judge Idee Fox denied both motions. Plaintiff appealed both denials to the Superior Court. In Judge Fox's opinion filed on March 6, 2012, Judge Fox reasoned that appellant's purported interest in the property was acquired only after the foreclosure action was filed and after default judgment was entered; therefore, plaintiff had no recognized interest in the outcome of the litigation and could not intervene in the foreclosure action. *See Deutsche Bank Nat. Trust Co. v. Williams*, 2012 WL 994552 (Pa. Ct. Com. Pleas, March 5, 2012), On May 2, 2012, plaintiff's appeals were quashed by the Superior Court. Defendants' preliminary objections, ex. B. On June 6, 2012, the property was sold at sheriff's sale to OMAT I REO Holdings, LLC (hereinafter "OMAT"). First amended complaint, ¶18.

On January 9, 2013, appellant filed a "Complaint for Mechanic Lien Enforcement" seeking to enforce two

mechanic's liens on the property, one for $150,000 and one for $25,000, plus interest and costs. According to appellant's complaint, two mechanic's liens were filed under Common Pleas Case ID 1106M0003. *See* complaint. However, the docket for said case provides evidence of only one mechanic's lien. Appellant named OMAT and Ocwen as defendants and alleged that OMAT was a front for Ocwen. *Id.* at ¶4. In this complaint, appellant asked the court to issue a writ of execution directing the sheriff to sell the property, and to apply the sale proceeds to satisfy the mechanics liens. *Id.* at ¶¶22, 30.

On February 20, 2013, appellant served his complaint on Shapiro & DeNardo, the law firm representing Deutsche Bank and OMAT in the foreclosure action.[3] On February 22, 2013, appellant filed a motion to amend, in order to add appellee CR Capital as a defendant. Appellant alleged that CR Capital had purchased the property from OMAT. Plaintiff's motion to join additional defendant, ¶3. This court granted appellant's motion on March 21, 2013, and appellant filed an amended complaint on March 22, 2013, which, other than naming CR Capital as a defendant, was substantially similar to plaintiff's original January 9, 2013 complaint. *Compare* complaint with first amended complaint. CR Capital was served with the amended complaint on March 25, 2013.

On April 11, 2013, defendants OMAT and Ocwen filed preliminary objections to appellant's first amended complaint. These defendants argued that: 1) appellant did not have standing, as his mechanic's lien postdated the assignment of the mortgage and the foreclosure action; 2) the complaint should be stricken for failing to name the

---

3. On March 7, 2013, defendants OMAT I REO Holdings, LLC and Ocwen Financial Corporation filed their preliminary objections to plaintiff's complaint, which was rendered moot after appellant filed his first amended complaint.

owner of the property, Deutsche Bank, as a defendant; and, 3) appellant improperly served his original complaint on defendants' law firm. Defendants' preliminary objections. Appellant filed his reply to these preliminary objections that same day arguing that appellant did have standing, that the defendants were property named, and that appellant's mechanic's lien had legal priority over "mere finance-mortgages." Plaintiff's reply to defendants' preliminary objections.

On April 19, 2013, appellee CR Capital filed preliminary objections to plaintiff's amended complaint that were substantially similar to the preliminary objections filed by the other defendants. Appellant replied to these preliminary objections on April 22, 2013 with language that was substantially similar to appellant's reply to the preliminary objections of the other defendants.

On June 20, 2013, this court issued two orders, one addressing the preliminary objections filed by defendants OMAT and Ocwen, and the other addressing appellee CR Capital's preliminary objections. In these orders, court sustained the preliminary objections as to demurrer, determining in each situation that plaintiff's first amended complaint should be dismissed with prejudice.[4]

On July 18, 2013, plaintiff appealed this court's order pertaining to defendant CR Capital's preliminary objections. Appellant did not appeal this court's order pertaining to defendants OMAT and Ocwen preliminary objections. That same day, this court directed plaintiff to provide a statement of errors pursuant to Pa. R.A.P. 1925(b). Appellant filed his 1925(b) statement on August 9, 2013, which is reproduced, *verbatim*, herein:

_____
4. This court also sustained OMAT and Ocwen's preliminary objection regarding improper service, by appellant, of his first amended complaint. All other preliminary objections, whether raised by OMAT and Ocwen or CR Capitals, were overruled by this court.

1. The Court erred as a matter of law by dismissing the above captioned case with prejudice. It was the very same Order that overruled every Objection made by all Defendants. Yet the Order for Dismissal holds that "all other Objections are sustained". There are however no other objections, so the law must go for the Plaintiff, and allow the case to be tried on the merits.

The Defendants were overruled as to issues of service; proper parties to the action, the proper form of the action; standing to sue as trustee ad litem; and making a legally sufficient claim for which relief could be granted, based on the priority of the mechanics lien enforcement versus an earlier-dated mortgage. The specific Ruling of this Court:

14-13042514 UPON CONSIDERATION OF THE PRELIMINARY OBJECTIONS, IT IS HEREBY ORDERED AS FOLLOWS: THE PRELIMINARY OBJECTION RAISED PURSUANT TO PA. R.C.P. 1028(A)(2) AND 1654(A) IS OVERRULED. THE PRELIMINARY OBJECTIONS ARGUING SERVICE OF PROCESS IS DISMISSED AS MOOT, AS SERVICE OF PROCESS WAS ACCOMPLISHED ON MARCH 25, 2013; THE REMAINING PRELIMINARY OBJECTION IS SUSTAINED AND PLAINTIFF'S FIRST AMENDED COMPLAINT IS DISMISSED WITH PREJUDICE... BY THE COURT: 06/17/2013

All these issues are well subsumed within those procedural requirements. There being no other Objections, it is impossible to understand what Objection was sustained. Based on the written Order of the Court, the ruling errs as a matter of law for dismissing the case with prejudice despite finding no warranted objections by the Defendants. The case

should be allowed to proceed for trial.

## II. DISCUSSION

This court respectfully requests that the instant appeal be denied for the following reasons:

1. Appellant has waived his right to appeal this court's order sustaining of appellee's demurrer-based preliminary objections and dismissal of his complaint against appellee for failure to raise the issue in his 1925(b) statement.

2. Assuming, *arguendo*, appellant had raised this issue in his 1925(b) statement, appellant's alleged mechanic's lien was discharged when the property was sold at sheriff's sale. Therefore, as appellee CR Capital took ownership of the property subsequent to said sale, appellant was barred from enforcing his lien against them.

Within any 1925(b) statement of errors an appellant is required to identify "each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues." Pa. R.A.P. 1925(b)(4)(ii). Issues not included are deemed waived. *Id.* at 1925(b)(4)(vii).

While appellant is indeed correct that this court overruled two of CR Capital's preliminary objections, regarding service of process and conformity of the complaint to the rules of court, plaintiff fails to address CR Capital's demurrer-based preliminary objection. *Compare* plaintiff's statement of errors, *supra*, with CR Capital's preliminary objections, at 7-11 (preliminary objections based upon "Legal Insufficiency of the Pleading-Demurrer," "Failure to Conform to Rule of Court," and "Improper Form of Service of FAC."). Given that this court dismissed plaintiff's first amended complaint on the basis of demurrer, appellant's failure to raise this issue

on appeal in his 1925(b) statement effectively bars him from raising this issue on appeal. On that basis alone, this court's ruling on the preliminary objections must be upheld and the instant appeal denied.

Assuming, *arguendo*, that plaintiff had raised the issue of demurrer in his 1925(b) statement, it remains that this court properly sustained CR Capital's demurrer-based preliminary objection. Preliminary objections in the nature of a demurrer are appropriate when the pleading at issue fails to state a claim upon which relief can be granted. Pa. R.C.P. 1028(a)(4); *Willet v. Pennsylvania Medical Catastrophe Loss Fund*, 702 A.2d 850 (Pa. 1997). Such objections admit all "well-pleaded facts, as well as all reasonable inferences therefrom and may not be sustained unless it is clear on face of pleading that the law will not permit recovery sought." *Chartiers Valley School Dist. V. Virginia Mansions Apartments, Inc.*, 489 A.2d 1381, 1386 (Pa. Super. Ct. 1985). "Where the preliminary objections will result in the dismissal of the action, the objections may be sustained only in cases that are clear and free from doubt. To be clear and free from doubt that dismissal is appropriate, it must appear with certainty that the law would not permit recovery by the plaintiff upon the facts averred." *Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122 (Pa. Super. Ct. 2004) (quoting *Goodman v. PPG Indus., Inc.*, 849 A.2d 1239, 1243 (Pa. Super. Ct. 2004)).

With regard to mechanic's liens, it is well settled that, once a property is sold at sheriff's sale, such a lien cannot be enforced against the new owner. *Hill v. Edinboro Dev., Inc.*, 420 A.2d 562, 566-67 (Pa. Super. Ct. 1980) (citing *Rosenberg v. Cupersmith*, 87 A. 570 (Pa. 1913)). As the Pennsylvania Supreme Court has stated:

It does not need the citation of authorities to sustain the proposition, settled by all our decisions on the

subject that in this state a mechanics' lien is discharged by a judicial sale of the real estate bound by the lien. It is equally well settled and in harmony with all our cases that the purchaser at such sale takes the property discharged of the lien, and that the claimant is remitted to the fund produced by the sale for satisfaction of his claim.

*Rosenberg*, 87 A. at 570.

As the aforementioned sheriff's sale occurred due to default on a mortgage that was issued to the Williams in December 1998, appellant's June 2011 mechanic's lien was discharged by said sale. Given this, any subsequent purchaser obtained ownership of the property free and clear of said lien, including, but not limited to, CR Capital. Accordingly, appellant was legally barred from enforcing his mechanic's lien against the post-sale owners of the property. Thus, this court properly sustained CR Capital's demurrer-based preliminary objection and dismissed plaintiff's first amended complaint with prejudice.

## III. CONCLUSION

For the aforementioned reasons, this court respectfully request that the instant appeal be denied.